IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| ALEKSEY RUDERMAN, JASON CLARKE, JAHAT EVELYN, BASARU ASOLO, JAMES FORERO, and CHRIS POCKNELL, On behalf of themselves and all others similarly situated, | ) ) ) ) ) ) | Docket No. 3:22-cv-50115 |
| Plaintiffs, | ) ) | Judge Iain Johnston |
| vs. | ) ) | |
| MCHENRY COUNTY and BILL PRIM, SHERIFF OF MCHENRY COUNTY, | ) ) ) | Magistrate Judge Margaret Schneider |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS COMPLAINT**

Defendants McHenry County and Bill Prim, Sheriff of McHenry County ("Defendants"), by their attorneys, Patrick Kenneally, McHenry County State's Attorney, and his duly appointed assistants, Jana Blake Dickson and Eric Seeleman, pursuant to Rule 12(b)(6), Fed. R. Civ. P., hereby move this Court for an Order dismissing the Complaint with prejudice. In support of this Motion, Defendants state as follows:

1. The Complaint purports to allege claims under the Trafficking Victims Protections Act (18 U.S.C. § 1589) ("TVPA"), the Illinois Trafficking Victims Protections Act (740 ILCS 128/1 *et seq*.)("ITVPA"), and the common law theory of unjust enrichment, arising from plaintiffs' performance of housekeeping duties while detained by U.S. Immigration Customs and Enforcement at the McHenry County Jail. Plaintiffs also seek to certify themselves as a representative class for other similarly situated former detainees.

2. The Complaint should be dismissed because it fails to state a claim under the TVPA for forced labor and services because housekeeping duties by detainees are an exception

to the Thirteenth Amendment and any implementing statute as a result of the common law "civic duty" exception. This exception was well established when Congress enacted the TVPA. See *Bijeol v. Nelson*, 579 F.2d 423 (7th Cir. 1978); *Channer v. Hall*, 112 F.3d 214 (5th Cir.1997).

2. Additionally, the Defendants are entitled to qualified immunity because there is no clearly analogous case in which any court has found that a local government-run immigration facility's requirement that detainees perform general housekeeping functions for their personal living area and common areas, constitutes servitude or forced labor under the TVPA. Thus, plaintiffs cannot demonstrate a "clearly established right" was violated. Moreover, the allegations are not "so egregious that no reasonable person could not know it violated an established right" when the National Detention Standards and the ICE detainee handbook states that detainees are responsible for keeping their personal living areas and common areas clean, subject to discipline for non-compliance, and not entitled to compensation.

3. Additionally, McHenry County is not vicariously liable for the alleged actions of the Sheriff pursuant to *Wallace v. Masterson*, 345 F. Supp. 2d (2004) and should be dismissed.

4. Additionally, the statute of limitations on the state law claims has run for all but one of the Plaintiffs because the Local Governmental and Governmental Employees Tort Immunity Act ("TIA") bars the actions at issue unless they are commenced within one year from the date of injury, however all but one of the six plaintiffs were transferred out of the McHenry County jail prior to the filing of the Complaint on April 15, 2021. See 745 ILCS 10/8-101.

5. Additionally, Defendants are immune from liability for both state law claims pursuant to 745 ILCS 10/2-201 and 745 ILCS 10/2-109 because these sections "provide both public employees and the public employer with immunity against allegations that challenge discretionary policy determinations." *Murray v. Chi. Youth Ctr.*, 224 Ill2d 213, 229 (2007)

(citations omitted). Plaintiffs' own allegations admit that Defendant Prim, Sheriff of McHenry County, had a policy of requiring plaintiff detainees to perform routine housekeeping duties, and therefore, the Defendants are also immune from the state law claims on this basis.

6. Additionally, Plaintiffs' claims for punitive damages must be dismissed pursuant to 745 ILCS 10/2-102 which expressly bars an award of punitive damages against a local public entity.

7. Finally, Plaintiffs allege that they should represent a class pursuant to Fed. R. Civ. P. Rule 23(a). Defendants disagree and reserve their right to fully object at the appropriate time.

8. The reasons and authorities in support of this Motion are contained in Defendants' Memorandum of Law in Support of Motion to Dismiss Complaint.

WHEREFORE, defendants McHenry County and Bill Prim, Sheriff of McHenry County, request this Court to dismiss the Complaint with prejudice and for such other and further relief as this Court deems just under the circumstances.

Respectfully Submitted,

McHenry County and Bill Prim, Sheriff of McHenry County

By: /s/ Jana Blake Dickson
Assistant State's Attorney

Patrick Kenneally, McHenry County State's Attorney
Jana Blake Dickson (ARDC No. 6305741)
Eric Seeleman (ARDC No. 6334936)
Assistant State's Attorneys
2200 North Seminary Avenue
Woodstock, Illinois 60098
(815) 334-4159 Telephone
(815) 337-0872 Facsimile
JEBlake@mchenrycountyil.gov
ETSeeleman@mchenrycountyil.gov

## **CERTIFICATE OF SERVICE**

The undersigned attorney, Jana Blake Dickson, hereby certifies that a copy of **Defendants' Motion to Dismiss Complaint** was served on

| | |
|---|---|
| Jay Kumar, Esq.<br>Jay Kumar Law<br>73 W. Monroe St., #100<br>Chicago, IL 60603<br>Jay@JayKumarLaw.com | *Attorneys for the Plaintiffs and the Proposed Class* |
| Raphael Janove, Esq.<br>Adam Pollock, Esq.<br>Agatha Cole, Esq.<br>Pollock Cohen LLP<br>60 Broad St., 24th Fl.<br>New York, NY 10004<br>Rafi@PollockCohen.com<br>Adam@PollockCohen.com<br>Agatha@PollockCohen.com | *Attorneys for the Plaintiffs and the Proposed Class* |
| Jacob Briskman, Esq.<br>*A. Ross Cassingham, Esq.*<br>2054 N. California Ave.<br>Chicago, IL 60647<br>Jacob.Briskman@gmail.com<br>A.Ross.Cassingham@gmail.com | *Attorneys for the Plaintiffs and the Proposed Class* |

by electronic filing via the ECF system on July 18, 2022.

/s/Jana Blake Dickson
Assistant State's Attorney

4