IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Aleksey Ruderman, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 22 C 50115 |
| v. | ) | |
| | ) | |
| McHenry County, et al., | ) | |
| | ) | Magistrate Judge Margaret J. Schneider |
| Defendants. | ) | |

## ORDER

Plaintiff's Motion to Compel Discovery [73], is granted. Defendant McHenry County Sheriff's Office has until January 24, 2024, to supplement its responses to Plaintiff's requests for admission consistent with this Court's order. The parties are directed to report on Defendant McHenry County Sheriff's Office's compliance with this Order in the parties' previously ordered January 29, 2024, status report.

## BACKGROUND

On August 9, 2022, Plaintiffs – civilly-detained immigrants – brought a first amended putative class action complaint against Defendants McHenry County, McHenry County Sheriff's Office, Bill Prim, Keith Nygren, Michael Clesceri, Daniel Sitkie, David Devane, and Daniel Sedlock, alleging, among other things, violations of the federal and state Trafficking Victims Protections Act [21]. Plaintiffs alleged they were required to perform various janitorial and maintenance services at the McHenry County Jail against their will. *Id*. On May 10, 2023, Plaintiff Ruderman ["Plaintiff"] served Defendants with requests for admission, and on June 23, 2023, Defendants provide Plaintiff with their answers. Plaintiff now brings a motion to compel and argues Defendant McHenry County Sheriff's Office ["Defendant"] failed to comply with Federal Rule of Civil Procedure 36(a)(4) in responding to the requests [73]. Defendant McHenry County Sheriff's Office filed its response [76], and Plaintiff has filed a reply [79]. The motion is ready for the Court's review.

## LEGAL STANDARD

Parties are allowed broad discovery to investigate facts and clarify issues. *Grayson v. City of Aurora*, No. 13 C 1705, 2013 WL 6697769, at * 2 (N.D. Ill. Dec. 19, 2013) (*citing Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 36 provides for a party to issue on any other party a request to admit relating to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). Under the Rule, "[t]he answering party may

assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Rule 36(a)(4). The general rule governing disclosure, Rule 26, also includes a "reasonable inquiry" standard. Reasonable inquiry "is an objective standard similar to the one imposed by Rule 11." *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 953 (N.D. Ill. 2021). "In making the [reasonable] inquiry, the attorney may rely on assertions by the client and on communications with other counsel in the case as long as that reliance is appropriate under the circumstances." *Id*. However, "[u]ltimately, what is reasonable is a matter for the court to decide on the totality of the circumstances." *Id.* (quoting Fed. R. Civ. P. 26(g), advisory committee's note to 1983 amendment).

Under Federal Rule of Civil Procedure 37, a party may file a motion to compel when another party fails to respond to a discovery request or provides an insufficient response. Fed. R. Civ. P. 37(a) ("For the purposes of [Fed. R. Civ. P. 37(a)], an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."). "District courts enjoy broad discretion when considering motions to compel and have consistently adopted a liberal interpretation of the discovery rule." *Martinez v. Cook County*, No. 11 C 1794, 2012 WL 6186601, at * 2 (N.D. Ill. Dec. 12, 2012) (citations and quotations omitted).

## DISCUSSION

Plaintiff argues that Defendant McHenry County Sheriff's Office's answers to Plaintiff's request to admit do not comply with Fed. R. Civ. P. 36. Specifically, Plaintiff complains Defendant failed to properly respond to requests to admit 3-10, 11-12, 21, 23, and 25. As an example, Plaintiff's request to admit number 11 and Sheriff's Office answer are as follows:

> RTA 11: Admit that the McHenry County Adult Correctional Facility ICE Detainee Handbook (Revised 1/2011), produced at MCC002117-2157, accurately states Your policy for ICE detainees from April 14, 2012 until December 2017.
>
> ANSWER: Defendant McHenry County Sheriff's Office, under the attestation of Sheriff Robb Tadelman, did not have authority to promulgate policy on behalf of the McHenry County Sheriff's Office during the time period referred to in this Request because Sheriff Tadelman was not the Sheriff at said time. As such, Defendant McHenry County Sheriff's Office cannot admit or deny this Request.

Plaintiff asserts the other noted requests to admits (inquiring of the McHenry County Sheriff's Office policies) were answered by Defendant McHenry County Sheriff's Office in the same way as request number 11. Further, Plaintiff's requests to admit 15 and 19 also inquired of Defendant McHenry County Sheriff's Office policies as noted in published news reports in May 2022. As to those requests, Defendant answered: "Defendant McHenry County Sheriff's Office, under the attestation of Sheriff Robb Tadelman, cannot admit what was "true" during the time period stated in this Request." [73], p. 3. Defendant stands by its answers, citing to one District of Nevada case noting that an answering party's "reasonable inquiry" is limited to that information that is "readily available to him." *Hawthorne v. Bennington*, No. 3:16-CV-00235-RCJ-CLB, 2020 WL 3884426, at *3 (D. Nev. July 8, 2020). Defendant Tadelman argues that during the relevant time period, it

was Defendants Nygren and Prim (prior Sheriffs) that had responsibility for the McHenry County Sheriff's Office and, therefore, would be the proper parties to answer. As to the "reasonable inquiry" requirement, Defendant McHenry County Sheriff's Office argues that requiring Sheriff Tadelman to interview employees of his predecessors would "make him reliant upon the conjecture of every employee that was interviewed." Defendant further objects to having to "comb through the document compilations of his predecessors." [76], p. 5.

However, Defendant's failure to make any "reasonable inquiry" following its answer to the requests to admit that it could neither admit nor deny because Sheriff Tadelman was not the Sheriff of McHenry County during the requested time period, fails to satisfy Rule 36(a)(4) (a party responding to a request to admit "may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."). "An answering party may not rely solely on its lack of personal knowledge when responding to requests to admit." *Gevas v. Dunlop*, No. 18 C 6556, 2020 WL 814875, at *4 (N.D. Ill. Feb. 19, 2020) (citing *Laudermilk v. Best Pallet Co., LLC*, No. 08 C 06869, 2009 WL 3272429, at *1 (N.D. Ill. Oct. 8, 2009)). Further, "a party may be required to contact third persons who are readily available, such as the party's officers, administrators, agents, employees, servants, enlisted or other personnel, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response." *Dawson v. Baldwin*, No. 3:19-cv-50058, 2021 WL 11593958, at *3 (N.D. Ill. March 23, 2021) (citations and quotations omitted). Accordingly, despite its reluctance to do so, Defendant is obligated to inquire of any McHenry County Sheriff's Office administrators, employees, and other personnel who would have information concerning the McHenry County Sheriff's Office's policies and practices from April 14, 2012 – a period of time prior to Sheriff's Tadelman's tenure. If Defendant (through Sheriff Tadelman) can obtain this information by asking any individuals under its control, then Defendant cannot justly claim lack of knowledge. Otherwise, Defendant must respond consistent with Rule 36(a)(4).

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Compel Discovery [73], is granted. Defendant McHenry County Sheriff's Office has until January 24, 2024, to supplement its responses to Plaintiff's requests for admission number 3-10, 11-12, 15, 19, 21, 23, and 25, consistent with this Order. The parties are directed to report on Defendant McHenry County Sheriff's Office's compliance with this Order in the parties' previously ordered January 29, 2024, status report.

Date: 01/03/2024                    ENTER:

_Margaret J. Schneider_
United States Magistrate Judge