UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ALEKSEY RUDERMAN, JASON CLARKE, BASARU ASOLO, JAMES FORERO, and CHRIS POCKNELL, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>MCHENRY COUNTY, MCHENRY COUNTY SHERIFF'S OFFICE, BILL PRIM, KEITH NYGREN, MICHAEL CLESCERI, DANIEL SITKIE, DAVID DEVANE, and DANIEL SEDLOCK,<br><br>          Defendants. | Case No. 3:22-cv-50115<br><br>Judge Iain D. Johnston<br><br>Magistrate Judge Margaret J. Schneider |

## **PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

Plaintiffs Aleksey Ruderman, Jason Clarke, Basaru Asolo, James Forero, and Chris Pocknell move this Court for an order to compel discovery and state as follows in support:

**INTRODUCTION**

This is a putative class action case brought by a group of former civil immigration detainees at the McHenry County Jail. Plaintiffs allege that jail officials subjected them to forced labor in the form of cleaning the jail facilities in violation of the federal Trafficking Victims Protection Act (the "TVPA") and state law. In the two discovery requests at issue in this Motion, RFP No. 6 and ROG No. 7, Plaintiffs are seeking information that is relevant to the calculation of damages for the named Plaintiffs and the putative class. In particular, responsive documents and information will

1

aid Plaintiffs in calculating the cost savings Defendants wrongfully obtained by forcing civil immigration detainees to clean the jail.

## LOCAL RULE 37.2 CERTIFICATION

On August 5, 2024, Plaintiffs sent a letter to Defendants outlining the deficiencies in their responses to RFP No. 6 and ROG No. 7. (8/5/2024 M. Truesdale Letter, Exhibit A.) When the parties met and conferred by phone on August 6, 2024, at 3:00 p.m., they discussed these deficiencies, and Defendants refused to supplement their responses. Margaret Truesdale (for Plaintiffs), as well as Troy Owens and Andrew Hamilton (for Defendants) participated in the conference. After consultation by telephone and good faith attempts to resolve difference, the Parties are unable to reach an accord in connection with RFP No. 6 and ROG No. 7.

## DISCOVERY REQUESTS AND RESPONSES

The discovery requests at issue—Plaintiffs' RFP No. 6 and ROG No. 7—along with Defendants' written responses and objections are reproduced in full below.

### RFP No. 6:

**Request:** All documents reflecting costs relating to Cleaning labor at the McHenry County Detention Center, for the time period April 14, 2012, to the present, including budget documents and contracts with third parties for Cleaning services.

**Defendants' Response:** Defendants object to this request to the extent that it is not proportional to the needs of the case considering the potential impact of the pending motion to dismiss and the fact that this request imposes a great burden upon Defendants in reviewing myriad records from the last 10 years and discerning whether they somehow relate to the ambiguous term "cleaning labor" (only "cleaning" was defined in the Request). The request is also overly broad in that it seeks budgetary records that are completely unrelated to cleaning of the detention center. The request is also unduly burdensome to the extent that it requests documents that are published to the publicly available website of the McHenry County government. In the spirit of discovery and without waiving the objections raised herein; see attached documents marked and identified as MCC000027-000031. Underlying supporting documents have been withheld pursuant to the above objection.

**Defendants' First Supplemental Response:** Answering Defendants object to Request for Production No. 6 insofar as the information sought is irrelevant, immaterial, and not

2

reasonably calculated to lead to the discovery of admissible evidence at the time of trial. In the spirit of discovery and without waiving the objection raised herein, please see the attached production stamped as MC001249-MC002116.

**Defendants' Second Supplemental Response:** Answering Defendants object to Request for Production No. 6 insofar as the information sought is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence at the time of trial. In the spirit of discovery and without waiving the objection raised herein, please see the production attached and stamped as MC002158-MC02162

Answering further, Defendant is not withholding any documents responsive to this request.

**ROG No. 7:**

**Request:** State (i) the number of "janitorial staff" who were "responsible for the housekeeping and general upkeep of all public and staff restrooms, offices, staff elevators visiting areas, staff locker rooms, staff dining areas and any other areas where detainee/inmates are not permitted," as outlined in the McHenry County Sheriff's Office General Order regarding Facility Housekeeping, MCC000014-16, (ii) the dates of their employment, and (iii) their salaries or hourly wages, from April 14, 2012, to the present.

**Defendant McHenry County Sheriff's Office's Response:** Answering Defendants object to this Interrogatory as this Interrogatory is vague, ambiguous, is incapable of proper answer in its drafted form, and seeks a legal conclusion in regard to the applicability of the McHenry County Sheriff's Office General Order regarding Facility Housekeeping. In the spirit of discovery and without waiving the objections raised herein, please see the attached document bates stamped as, MCC003091.

**Individual Defendants' Response:** Answering Defendants object to this Interrogatory as this Interrogatory is vague, ambiguous, is incapable of proper answer in its drafted form, and seeks a legal conclusion in regard to the applicability of the McHenry County Sheriff's Office General Order regarding Facility Housekeeping. In the spirit of discovery and without waiving the objections raised herein, please see the attached document bates stamped as, MCC003091.

*See* Defendant's Responses to Plaintiff's First Requests for Production of Documents (10/14/2022), Exhibit B; McHenry County Defendants' First Supplemental Response to Plaintiff's First Request for Production of Documents (4/6/2023), Exhibit C; McHenry County Defendants' Second Supplemental Response to Plaintiff's First Request for Production of Documents (4/27/2023), Exhibit D; Defendant's Answers to Plaintiffs' First Set of Interrogatories (8/4/2023), Exhibit E; Defendants' Answers to Plaintiffs' First Set of Interrogatories (7/7/2023), Exhibit F.

**ARGUMENT**

I. **This Court Should Order Defendants To Produce Contracts With Aftermath Services, LLC In Response to RFP No. 6 Because Such Contracts Are Relevant To Calculating Plaintiffs' Damages And Defendants' Have Failed To Articulate Any Burden.**

This Court should order Defendants to produce its contracts with the third-party cleaning company that Defendants hire to perform cleaning services in secured areas of the jail: Aftermath Services, LLC. RFP No. 6 seeks "[a]ll documents reflecting costs relating to Cleaning labor at the McHenry County Detention Center, for the time period April 14, 2012, to the present, including budget documents and *contracts with third parties for Cleaning services*." *See* Exhibit B (emphasis added). In their interrogatory responses, Defendants stated that "the McHenry County Detention Center hired Aftermath Services, LLC for biohazard cleanup on an as-needed basis to clean certain bodily fluids." *See* Exhibits E & F, ROG No. 6. In addition, Defendants testified that the jail would use Aftermath in the secured parts of the jail for cell sanitation as well as cleaning up bodily fluids. Clesceri Dep. at 29:01-06, Exhibit G; Prim Dep. at 54:12-24, Exhibit H. Despite admitting to contracting with Aftermath for cleaning services in secured parts of the jail, Defendants have refused to produce their contracts with Aftermath on grounds of relevance, materiality, and likelihood to lead to discoverable evidence. In particular, they contend that the cleaning Aftermath performed was unrelated to the cleaning the civil immigration detainees performed.

Defendants misapply the standard for relevance under the Federal Rules, which allows for discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense," Fed. R. Civ. P. 26(b)(1). Defendants concede that Aftermath is the company they hired to clean secured areas in the jail, and that the civil immigration detainees were also required to clean the secured areas of the jail. The amount Aftermath was paid and the qualifications required for those workers who could access the secured part of the jail are certainly relevant for an expert and, in

4

turn, a fact finder to consider on the question of the cost Defendants avoided by relying upon the detainees' forced labor.

Moreover, there is meaningful overlap between the cleaning tasks Aftermath and the detainees performed. The civil immigration detainees' forced janitorial labor included *inter alia* scrubbing toilets, sinks, and showers used by over 60 other detainees. These facilities surely contained bodily fluids and biohazard material, including urine and feces, just like the areas Aftermath cleaned.

Accordingly, contracts with Aftermath indicating the amount of money paid to Aftermath and the qualifications Aftermath's workers had to satisfy to enter the secured areas of the jail would shed light on the costs Defendants saved due to the detainees' forced labor. These cost savings are relevant to the calculation of damages for Plaintiffs' TVPA claim and the claim of unjust enrichment. *Leiva v. Clute*, No. 4:19-CV-87-TLS-JPK, 2020 WL 8514822, at *12 (N.D. Ind. Dec. 16, 2020), *report and recommendation adopted*, No. 4:19-CV-87 RLM-JPK, 2021 WL 307302 (N.D. Ind. Jan. 29, 2021) ("Pursuant to the TVPA, restitution requires compensation for the value of the services rendered.") (citing 18 U.S.C. § 1593(b)(3)); *See Stavropoulos v. Hewlett-Packard Co.*, No. 13 C 5084, 2014 WL 7190809, at *5 (N.D. Ill. Dec. 17, 2014) (applying Illinois law and stating "disgorgement of profits is an appropriate remedy for an unjust enrichment claim").

What is more, any burden of production would be slight and more than outweighed by relevance. Even if Defendants' relationship with Aftermath spanned the full relevant time period—April 14, 2012, through February 2022[1]—locating and producing a few discrete contracts with one

---

[1] Plaintiffs' RFP No. 6 pertained to the time period April 14, 2012, to the present, but Plaintiffs are willing to narrow the time period to April 14, 2012, through February 2022—when the last civil immigration detainees were released from the McHenry County Jail.

5

company is hardly overly burdensome. Former Sheriff Bill Prim testified that any contracts with Aftermath would be maintained in the Sheriff's Office's records. Exhibit H, at 54:25-55:05.

Given that Defendants have not described any burden of production and that the contracts with Aftermath certainly satisfy the permissive standard for discovery of relevant material, this Court should order Defendants to produce them in response to RFP No. 6.

II. **This Court Should Compel Defendants To Provide Janitorial Staff's Annual Wage Information In Response To ROG No. 7 Because These Data Are Relevant To Calculating Plaintiffs' Damages And Defendants' Have Failed To Articulate An Undue Burden.**

This Court should order Defendants to provide their janitorial staff's annual wage information. ROG No. 7 asks Defendants to provide salaries or hourly wages, from April 14, 2012, to the present, for each member of the jail's janitorial staff who was responsible for cleaning the unsecured areas of the jail, *i.e.*, public and staff restrooms, staff elevators, visiting areas, staff locker rooms, and staff dining areas. In lieu of answering ROG No. 7 in writing, Defendants produced a chart at MCC003091 (attached hereto as Exhibit I), which, according to the McHenry County Sheriff's Office, "identifies the number of janitorial staff at the McHenry County Detention Center during the Relevant Period, the dates of their employment, and their salaries and hourly wages." *See* Defendant McHenry County Sheriff's Office Answers to Plaintiff Clarke's First Set of Requests for Admission, Exhibit J, RFA No. 1. The problem, however, is that the chart supplies only the starting and ending hourly wages of the janitorial staff, and several of them have worked in that position for over 5, 10, and even 20 years. In an effort to narrow this dispute, Plaintiffs have substantially narrowed their original request. Plaintiffs only request that Defendants either (i) identify the wages that each member of the janitorial staff earned as of April 14, 2012, and the wages they earned as of January 1 of each year thereafter through 2022, or (i) report each time the wage for one of the members of the janitorial staff changed, from April 14, 2012 to

6

February 2022, along with the date and amount of the change. Defendants have refused to supply anything additional, citing undue burden as their only objection.

Defendant's undue burden objection is baseless. The chart produced at MCC003091 shows only *11 individuals total* who worked as janitorial staff for the jail during the entire statutory period, and only 3-4 individuals who worked as janitorial staff at a given time. Thus, identifying their wages as of each January 1st is a simple task that would be unlikely to take more than one or two hours. If it is easier, the Defendants could also just produce de-identified payroll records for these 11 employees. A simple excel report would be virtually no burden at all.

The obvious relevance of jail cleaning costs (which Defendants do not even dispute), significantly outweighs any minimal burden, and so the Court should order Defendants to respond to ROG No. 7 with their janitorial staff's wages for each year from April 14, 2012, through February 2022, or payroll records sufficient to provide wage information throughout the relevant time period.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that the Court grant their motion to compel and order Defendants to answer discovery as set forth in this motion.

Dated: August 9, 2024                                    Respectfully submitted,

                                                          /s/ Margaret E. Truesdale
                                                         *One of the Attorneys for Plaintiffs*
                                                         *and the Proposed Class*

Elizabeth N. Mazur
Charles D. Wysong
Margaret E. Truesdale
Hughes Socol Piers Resnick & Dym, Ltd.
70 W. Madison Street, Suite 4000
Chicago, Illinois 60602
312.580.0100
emazur@hsplegal.com

7

cwysong@hsplegal.com
mtruesdale@hsplegal.com

Raphael Janove
Janove PLLC
500 7th Avenue, 8th Floor
New York, NY 10018
646.347.3940
raphael@janove.law

Jay Kumar
Jay Kumar Law
73 W. Monroe St., #100
Chicago, IL 60603
312.767.7903
Jay@JayKumarLaw.com

Jacob S. Briskman
Law Office of Jacob S. Briskman
2054 N. California Ave.
Chicago, IL 60647
312.945.6207
Jacob.Briskman@gmail.com
*Attorneys for the Plaintiffs and the Proposed Class*