# EXHIBIT A



70 West Madison Street, Suite 4000
Chicago, Illinois 60602

T 312.580.0100
F 312.580.1994
hsplegal.com

**MARGARET E. TRUESDALE**
*Tel* 312-604-2630
*Fax* 312-604-2631
mtruesdale@hsplegal.com

August 5, 2024

<u>**VIA EMAIL**</u>
Troy C. Owens
Andrew Garrison Hamilton
Kyle Bruett
McHenry County State's Attorney's Office
2200 N. Seminary Ave
Woodstock, IL 60098
tcowens@mchenrycountyil.gov
aghamilton@mchenrycountyil.gov
krbruett@mchenrycountyil.gov

    **RE:** *Ruderman et al. v. McHenry County et al.*, 3:22-cv-50115 (N.D. Ill.)

Dear Counsel:

    Pursuant to Rule 37 of the Federal Rules of Civil Procedure, I am writing to address two deficiencies in your clients' document productions and written discovery responses to date. Please let me know a couple of times later this week when you are available to discuss these issues.

    First off, in RFP No. 6, Plaintiffs requested "All documents reflecting costs relating to Cleaning labor at the McHenry County Detention Center, for the time period April 14, 2012, to the present, including budget documents and contracts with third parties for Cleaning services." In response to ROG 6, Defendants answered that "the McHenry County Detention Center hired Aftermath Services, LLC for biohazard cleanup on an as-needed basis to clean certain bodily fluids," and several individual Defendants testified about the jail hiring Aftermath for cleaning services. Yet, in response to RFP No. 6, Defendants still have not produced any contracts with Aftermath, or any documents that reflect the cost of Aftermath's services. These materials are responsive to RFP No. 6 and are



Troy C. Owens, Andrew Garrison Hamilton
August 5, 2024
Page 2

relevant to calculating damages in this case, and Plaintiffs ask that Defendants produce them promptly.

The second deficiency relates to Plaintiff's ROG 7. In that interrogatory, Plaintiff requested that Defendants:

> State (i) the number of "janitorial staff" who were "responsible for the housekeeping and general upkeep of all public and staff restrooms, offices, staff elevators visiting areas, staff locker rooms, staff dining areas and any other areas where detainee/inmates are not permitted," as outlined in the McHenry County Sheriff's Office General Order regarding Facility Housekeeping, MCC000014-16, (ii) the dates of their employment, and (iii) their salaries or hourly wages from April 14, 2012, to the present.

For each of the Defendants' ROG No. 7 responses, in lieu of answering, they produced a chart at MCC003091, which, according to the McHenry County Sheriff's Office's RFA response, "identifies the number of janitorial staff at the McHenry County Detention Center during the Relevant Period, the dates of their employment, and their salaries and hourly wages." The chart produced at MCC003091 is deficient because it only provides the starting and ending hourly wages of janitorial staff; it does not provide each of their hourly wages from April 14, 2012, to the present, as the ROG requests.

To address this deficiency, Plaintiffs propose that Defendants provide an expanded version of MCC003091 that identifies the wages that each member of the janitorial staff earned as of April 14, 2012, and the wages they earned as of January 1 of each year thereafter through 2022. Alternatively, Defendants could supplement the chart to report each time the wage for one of the individuals changed, along with the date and amount of the change. In addition, to avoid the additional step of confirming the contents of the chart via a request for admission, Plaintiffs request that Defendants provide this data in the form of an interrogatory response to ROG No. 7.

\*   \*   \*



Troy C. Owens, Andrew Garrison Hamilton
August 5, 2024
Page 3

    I look forward to meeting and conferring to discuss these issues later this week.

                                        Sincerely,

                                        Margaret E. Truesdale

cc:    Elizabeth Mazur