# EXHIBIT

# F

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| ALEKSEY RUDERMAN, JASON CLARKE, JAHAT EVELYN, BASARU ASOLO, JAMES FORERO, and CHRIS POCKNELL on behalf of themselves and all other similarly situated, | ) ) ) Case No. 22-CV-50115 ) ) |
| Plaintiffs, | ) Judge Iain D. Johnston ) |
| v. | ) Magistrate Judge Margaret J. ) Schneider |
| MCHENRY COUNTY, MCHENRY COUNTY SHERIFF'S OFFICE, BILL PRIM, KEITH NYGREN, MICHAEL CLESCERI, DANIEL SITKIE, DAVID DEVANE, and DANIEL SEDLOCK, | ) ) ) ) ) ) |
| Defendants. | ) |

## DEFENDANTS' ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendants, BILL PRIM, KEITH NYGREN, MICHAEL CLESCERI, DANIEL SITKIE, DAVID DEVANE, and DANIEL SEDLOCK through their attorneys, Patrick D. Kenneally, McHenry County State's Attorney, and his Assistant State's Attorneys, Troy C. Owens and Andrew Hamilton, for their Answers to Plaintiffs' First Set of Interrogatories states as follows:

1.      Describe Your procedure for identifying grievances responsive to Request for Production No. 1, including who searched for the grievances, whether any Spanish-language grievances were reviewed by a staff member who is fluent in Spanish, and how grievances were searched.

**ANSWER: Answering Defendants object on the basis that the identity of who performed searches for grievances and whether any Spanish language grievances were reviewed by a corrections officer fluent in Spanish is not relevant and will not lead to admissible evidence**

at the time of trial. In the spirit of discovery and without waiving the objection raised herein, Defendants conducted a search through McHenry County Jail databases via a McHenry County Jail Lieutenant. The Lieutenant would take the civil immigrant detainee's name and perform a search using Vision Jail databases. If there was a responsive 'hit' on the name, the Jail Lieutenant would pull up that relevant file and search through the following 'tabs' of information: Confinement, Person, Location, Release. If there was relevant information on those 'tabs' the Jail Lieutenant would either print or screenshot the data, convert the data into Portable Document Format (PDF) and combine the data into one file utilizing PDF software. Once that data is collated, it would be ready for transmission.

2.      If your response to Request for Admission No. 25 is anything other than an unqualified admission, then (a) describe how practices at the McHenry County Detention Center deviated from the McHenry County Sheriff's Office General Order regarding Facility Housekeeping (produced at MCC000014-16) during the Relevant Period; (b) identify all documents that support the contention that practices deviated from this General Order during the Relevant Period; and (c) identify by name and all known contact information all witnesses with knowledge of the manner in which practices deviated from this General Order during the Relevant Period.

**ANSWER: Answering Defendants have admitted the allegations contained in Request to Admit No. 25.**

3.      Describe each and every disciplinary or corrective action taken against a civil immigration detainee for failing or refusing to engage in Cleaning or inadequately Cleaning at the McHenry County Detention Center from April 14, 2012, to the present. For each disciplinary or corrective action ("Disciplinary Action"), please provide the following information: (a) the

name and Alien Registration Number of the detainee subject to the Disciplinary Action; (b) the name and all known contact information of any of Your current or former employees who imposed, implemented, or otherwise had knowledge of the Disciplinary Action; (c) a description of the reasons for the Disciplinary Action; (d) a description of the Disciplinary Action; and (e) any of Your policies that governed or authorized the Disciplinary Action.

**ANSWER: Answering Defendants object to this interrogatory on the basis that McHenry County jail housed approximately 18,485 civil immigrant detainees from April 14, to the present and to search through those records would be unduly burdensome, oppressive, and will not lead to admissible evidence at the time of trial. In the spirit of discovery, and without waiving the objections raised herein, Defendants state the following for the named Defendants:**

- **Aleskey Ruderman**

  **a. Alesky Ruderman, #A076054163**

  **b. Defendant has conducted a search and has nothing responsive to this Interrogatory. Further responding, Discovery is ongoing, and these Defendants reserve the right to supplement their answers.**

  **c. Defendant has conducted a search and has nothing responsive to this Interrogatory. Further responding, Discovery is ongoing, and these Defendants reserve the right to supplement their answers.**

  **d. Defendant has conducted a search and has nothing responsive to this Interrogatory. Further responding, Discovery is ongoing, and these Defendants reserve the right to supplement their answers.**

**e. All policies regarding civil immigrant detainee discipline have been previously produced.**

- **Jason Clarke**

  **a. Jason Clarke, #A076530941**

  **b. Defendant has conducted a search and has nothing responsive to this Interrogatory. Further responding, Discovery is ongoing and these Defendants reserve the right to supplement their answers.**

  **c. Defendant has conducted a search and has nothing responsive to this Interrogatory. Further responding, Discovery is ongoing, and these Defendants reserve the right to supplement their answers.**

  **d. Defendant has conducted a search and has nothing responsive to this Interrogatory. Further responding, Discovery is ongoing, and these Defendants reserve the right to supplement their answers.**

  **e. All policies regarding civil immigrant detainee discipline have been previously produced.**

- **Jahat Evelyn**

  **a. Jahat Evelyn, #A043884444**

  **b. Defendant has conducted a search and has nothing responsive to this Interrogatory. Further responding, Discovery is ongoing, and these Defendants reserve the right to supplement their answers.**

  **c. Defendant has conducted a search and has nothing responsive to this Interrogatory. Further responding, Discovery is ongoing, and these Defendants reserve the right to supplement their answers.**

4

**d. Defendant has conducted a search and has nothing responsive to this Interrogatory. Further responding, Discovery is ongoing, and these Defendants reserve the right to supplement their answers.**

**e. All policies regarding civil immigrant detainee discipline have been previously produced.**

**e. All policies regarding civil immigrant detainee discipline have been previously produced.**

- **Basaru Asolo**

   **a. Basaru Asolo, #A216656527**

   **b. Defendant has conducted a search and has nothing responsive to this Interrogatory. Further responding, Discovery is ongoing, and these Defendants reserve the right to supplement their answers.**

   **c. Defendant has conducted a search and has nothing responsive to this Interrogatory. Further responding, Discovery is ongoing, and these Defendants reserve the right to supplement their answers.**

   **d. Defendant has conducted a search and has nothing responsive to this Interrogatory. Further responding, Discovery is ongoing, and these Defendants reserve the right to supplement their answers.**

   **e. All policies regarding civil immigrant detainee discipline have been previously produced.**

   **e. All policies regarding civil immigrant detainee discipline have been previously produced.**

- **James Ferrero**

**a. James Ferrero, #A200985328**

**b. Defendant has conducted a search and has nothing responsive to this Interrogatory. Further responding, Discovery is ongoing, and these Defendants reserve the right to supplement their answers.**

**c. Defendant has conducted a search and has nothing responsive to this Interrogatory. Further responding, Discovery is ongoing, and these Defendants reserve the right to supplement their answers.**

**d. Defendant has conducted a search and has nothing responsive to this Interrogatory. Further responding, Discovery is ongoing, and these Defendants reserve the right to supplement their answers.**

**e. All policies regarding civil immigrant detainee discipline have been previously produced.**

- **Chris Pocknell**

**a. Christopher Pocknell, A#077859662**

**b. Defendant has conducted a search and has nothing responsive to this Interrogatory. Further responding, Discovery is ongoing, and these Defendants reserve the right to supplement their answers.**

**c. Defendant has conducted a search and has nothing responsive to this Interrogatory. Further responding, Discovery is ongoing and these Defendants reserve the right to supplement their answers.**

**d. Defendant has conducted a search and has nothing responsive to this Interrogatory. Further responding, Discovery is ongoing, and these Defendants reserve the right to supplement their answers.**

**e. All policies regarding civil immigrant detainee discipline have been previously produced.**

4.        Describe the practices at the McHenry County Detention Facility regarding periodic or seasonal Cleaning using machinery, which may or may not be referred to as "spring cleaning," and, in particular, any use of civil immigration detainee labor for such Cleaning.

**ANSWER: Answering Defendants state that the McHenry County Detention Facility did not have any practices involving 'spring cleaning' nor did civil immigrant detainees operate machinery.**

5.        Did a Voluntary Work Program exist at the McHenry County Detention Center during the Relevant Period? If so, describe: (a) the tasks performed by inmates or detainees participating in the program; (b) eligibility criteria for participation in the program; (c) how, among eligible detainees or inmates, detainees or inmates were selected to participate in the program; and (d) the compensation provided to inmates or detainees in exchange for their participation.

**ANSWER: Answering Defendants state that a Voluntary Work Program existed at the McHenry County Detention Center during the Relevant Period.  (a) The tasks performed by inmates or detainees participating in the program included general janitorial work, kitchen work, and laundry work.  (b) Please see the Defendants' prior production of civil immigrant detainee handbooks which detail information about the McHenry County Jail Voluntary Work Program. (c) A list of eligible workers would be compiled and selected for participation based upon who was on the list the longest.  (d) Please see the Defendants' prior production of civil immigrant detainee handbooks which detail information about the McHenry County Jail Voluntary Work Program.**

7

6.      Indicate whether You ever evaluated, considered, or assessed whether to hire an employee or independent contractor to perform janitorial, custodial, or Cleaning services or to contract with an outside vendor to perform janitorial, custodial, or Cleaning services at the McHenry County Detention Center at any time from April 14, 2012, until the present. If You did, state the date(s) of the decision(s); (b) state the names and contact information for the decision-makers; and (c) identify all documents relating to the evaluation or decision.

**ANSWER: Answering Defendants object on the basis that not all of the named Defendants had the authority to evaluate consider or assess whether to hire an employee or independent contractor to perform janitorial, custodial or cleaning services or to contract with an outside vendor to perform janitorial, custodial or cleaning services at the McHenry County Detention Center at any time from April 14, 2012. Further, Defendants object on the basis the requested information is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence at the time of trial. In the spirit of discovery and without waiving the objection raised herein, Defendants employed janitorial staff to clean the McHenry County Detention Center and a relevant list of the janitorial staff is attached. Further responding, without waiving the objection raised herein, the McHenry County Detention Center hired Aftermath Services, LLC for biohazard cleanup on an as-needed basis to clean certain bodily fluids.**

7.      State (i) the number of "janitorial staff" who were "responsible for the housekeeping and general upkeep of all public and staff restrooms, offices, staff elevators visiting areas, staff locker rooms, staff dining areas and any other areas where detainee/inmates are not permitted," as outlined in the McHenry County Sheriff's Office General Order regarding

Facility Housekeeping, MCC000014-16, (ii) the dates of their employment, and (iii) their salaries or hourly wages, from April 14, 2012, to the present.

**ANSWER: Answering Defendants object to this Interrogatory as this Interrogatory is vague, ambiguous, is incapable of proper answer in its drafted form, and seeks a legal conclusion in regard to the applicability of the McHenry County Sheriff's Office General Order regarding Facility Housekeeping. In the spirit of discovery and without waiving the objections raised herein, please see the attached document bates stamped as, MCC003091.**

8.      In Defendants' Answer to the First Amended Complaint, You denied that Defendants were forced to undertake any of the following alleged labor: "cleaning the showers and dayroom toilets, wiping down tables, sweeping and mopping the floors, wiping down doors, and cleaning the gym." (¶ 29.) Describe how if at all the practices at the McHenry County Detention Center varied from this allegation and identify all factual support for that denial including but not limited to (a) documents that support that denial; and (b) all witnesses with knowledge that supports that denial, including their name(s) and known contact information.

**ANSWER: Answering Defendants state that the policies and procedures for civil immigrant detainee cleaning duties and responsibilities have been previously produced. Defendant's witnesses have been disclosed pursuant to FRCP Rule 26. Additionally, Defendants disclose the following corrections officers as fact witnesses who will support Defendants denial:**

- **Officer Shannon Hermie – Witness can be contacted through Counsel.**

- **Lieutenant Daniel Acevedo – Witness can be contacted through Counsel.**

**Further responding, Discovery is ongoing and Defendants reserve the right to supplement their answers.**

9.      In Defendants' Answer to the First Amended Complaint, You denied that Defendants netted more than $41 million in revenue from its contract to house civil immigration detainees from 2016 to 2020. (¶ 4.) Identify all factual support for that denial including but not limited to (a) documents that support that denial; and (b) all witnesses with knowledge that supports that denial, including their name(s) and known contact information.

**ANSWER: Answering Defendants object on the basis that the term 'netted' is vague and ambiguous and incapable of being answered in its proper form. In the spirit of discovery and without waiving the objection raised herein, Defendants refer to Defendants Bates stamped documents at MCC002865-002983 and to Defendants initial disclosures. Further responding, Discovery is ongoing and Defendants reserve the right to supplement their answer.**

10.      If Your response to Request for Admission Nos. 4 and 6 are anything other than unqualified admissions, then (a) describe how practices at the McHenry County Detention Center deviated from those quoted in Requests for Admission Nos. 3 and 5, during the Relevant Period; identify all documents that support the contention that practices deviated from these quotations during the Relevant Period; and (c) identify by name and all known contact information all witnesses with knowledge of the manner in which practices deviated from these quotations during the Relevant Period.

**ANSWER: Answering Defendants object on the basis that not all of the named defendants had the authority to admit to Request for Admissions No. 4 and 6. In the spirit of discovery and without waiving the objection raised herein, Defendant Prim, previous Sheriff of**

10

**McHenry County admitted to the allegations contained in Request for Admissions No.4 and 6.**

11.     To all individual Defendants—Bill Prim, Keith Nygren, Michael Clesceri, Daniel Sitkie, David Devane, and Daniel Sedlock—state all positions you have held in the McHenry County Sheriff's Office, and for each position: (a) state the approximate dates you held the position; (b) state your job title and general job duties; (c) identify all individuals to whom you reported in that position; and (d) state whether any individuals reported directly to you and if so, who.

**<u>ANSWER:</u>**

- **Bill Prim**
  - **McHenry County Sheriff – December 1, 2014 through November 30, 2022**
- **Keith Nygren**
  - **McHenry County Sheriff – April 15, 1997 through November 29, 2014.**
- **Michael Clesceri**
  - **Chief of Administration – Corrections – December 30, 2020, through December 2, 2022.**
- **Daniel Sitkie**
  - **Chief of Administration – Corrections – April 2019 through January 11, 2021.**
  - **Corrections Lieutenant – February 2011, through April 2019**
  - **Corrections Sergeant – July 2000 through February 2011.**
  - **Correctional Officer – January 9, 1992 through July 2000.**

- **Daniel Sedlock**

    o **Deputy Chief of Corrections- July 7, 2003, through January 11 2010.**

    o **Chief of Administration – Corrections – January 11, 2010 through December 5, 2014.**

- **David Devane**

    o **Chief Administrative Officer – December 1, 2014 through July 31, 2019**

    o **Interim Coroner – March 2019 through July 31, 2019**

12.     For all documents responsive to Plaintiff's Requests for Production that You contend have been lost, discarded, or destroyed, identify each such document as completely as possible and state (a) the approximate date it was lost, discarded, or destroyed; (b) the circumstances and manner in which it was lost, discarded, or destroyed; (c) the identity of the person(s) with knowledge of its content; and (d) the identity of the person(s) last known to have seen or possessed it.

**ANSWER:     Prior to December 2014, it is believed that some records in the McHenry County Jail were disposed of. It is not known if the records pertained to civil immigration detainees.  The exact number of records is also not known.**

13.     For each Affirmative Defense that you assert in this matter, (a) describe the entire factual basis supporting each such defense; and (b) identify all witnesses or physical, documentary, or testimonial evidence that supports each such defense.

**ANSWER:     (a)     Plaintiffs' state and federal TVPA claims are barred by the Civic Duty Exception to the Thirteenth Amendment, as applied to Plaintiff's' claims under the state and federal Trafficking Victims Protection Acts because the facts relied upon by Plaintiffs in**

their pleadings mirror or are similar to the facts pled by plaintiffs in the Thirteenth Amendment cases so applying the exception to preclude any recovery of said claims.

Defendants cannot be liable to Plaintiffs because they acted within the scope of their discretionary authority. Defendants did not violate any clearly established statutory or constitutional rights of which a reasonable person would have known. As such, Defendants are entitled to the application qualified immunity, as well as 745 ILCS 10/2-204, which states "Except as otherwise provided by statute, a public employee, as such and acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person.

Additionally, under 745 ILCS 10/2-109, Defendants McHenry County and McHenry County Sheriff's Office are not liable for any injury resulting from an act or omission of their employees because their employees are not liable and have committed no conduct entitling Plaintiffs to any relief.

All Defendants committed no wrongful act which caused injury to Plaintiffs. As such, Defendants cannot be liable.

Defendants are not liable to Plaintiffs for punitive damages because they at no time acted maliciously, fraudulently or with an intent to harm Plaintiffs or to deprive Plaintiffs of any legally protected rights.

All Defendants were acting within the scope of their employment. The Local Governmental and Governmental Employees Tort Immunity Act provides, in relevant part, as follows: "Notwithstanding any other provision of law, a local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured

13

**party or a third party. For the same reason, any state law claim Plaintiffs have alleged against any Defendant, is barred by 745 ILCS 10/2-102.**

**Moreover, for the Defendants serving in an official executive, legislative, quasi-legislative or quasi-judicial capacity, under 745 ILCS 10/2-102, said Defendants are immune from liability to pay punitive or exemplary damages.**

**The Dictionary Act precludes the application of the state and federal TVPA claims against Defendants McHenry County and McHenry County Sheriff's Office because they are County entities as defined by the statute.**

**Some or all of Plaintiffs' claims are time-barred under the respective statutes of limitation.**

**(b)     All witnesses disclosed in Defendants' Rule 26 disclosures will be called to support said affirmative defenses. All evidence disclosed in Defendants' written discovery responses and answers, as well as produced in deposition or third party discovery, will be used to support said affirmative defenses.**

14.     For each witness you disclose pursuant to Rule 26, describe with particularity all facts known by each such person relating to the claims and defenses in this action, including all facts about which the person may be competent to testify at trial, and state whether you intend to call that person as a witness at trial. This request includes, but is not limited to, witnesses who are your employees or agents.

**ANSWER:  All Defendants' witnesses will testify regarding their respective employment performances, and duties, as well as all policies referred to in the pleadings, the creation (if within their respective employment duties), implementation, and enforcement of said policies.  All Defendants' witnesses will testify that no Plaintiff, currently named or**

otherwise, suffered any violation of any statute pled by Plaintiffs and that Plaintiffs have not suffered any damages. All Defendants' witnesses will testify about their interactions, if any, to the extent of their respective recollection, with Plaintiffs, currently named or otherwise. All Defendants' witnesses will testify that Plaintiffs were not unjustly enriched.

All Defendants' witnesses are expected to testify regarding the contents of records they created, if any, (in whole or in part) and/or reviewed. All Defendants' witnesses who are deposed, testify or gave statements are expected to testify to said matters, including opinions, as expressed in their depositions, testimonies and/or statements.

Defendants incorporate all previous disclosures of documents, witnesses, testimony, and opinions in this disclosure as and for their disclosure of witnesses. In addition, Defendants incorporate all discovery and deposition testimony, and each witness who has been deposed is expected to be or may be called as a witness by the Defendants to testify on matters covered in their respective depositions. For any witness who did not testify in deposition, the witness will testify regarding: (1) the substance and subject matter of any records, documents or other materials that the witness created, received or reviewed, including facts, observations and opinions contained or stated within the records, documents or other materials; and (2) the topics, subject matter, facts or opinions discussed or stated by any other witness in deposition.

Defendants will call any individual or record keeper necessary to establish the foundation for and admissibility of any document or evidence. The Defendants will also call as a witness any person necessary to perfect an impeachment of a witness pursuant to Federal Rules of Evidence.

Respectfully Submitted,

Defendants

By: /s/ Troy Owens
        Troy Owens
        Assistant State's Attorney

Patrick D. Kenneally
McHenry County State's Attorney
Andrew Hamilton (ARDC No. 6325652)
Troy C. Owens (ARDC No. 6208293)
Assistant State's Attorneys
McHenry County Government Center
2200 N. Seminary Avenue
Woodstock, IL  60098
Tel. (815) 334-4159
Fax (815) 334-0872
aghamilton@mchenrycountyil.gov
tcowens@mchenrycountyil.gov

## ATTESTATION

STATE OF ILLINOIS      )
                               ) SS.
COUNTY OF McHENRY      )

Daniel Sitkie, being first duly sworn on oath, deposes and states that he/she is a defendant in the above-captioned matter; that he/she has read the foregoing document, and the answers made herein are true, correct and complete to the best of his/her knowledge and belief.

_____
SIGNATURE

OFFICIAL SEAL
HOLEN J DEUTSCHLE
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 1/4/25

SUBSCRIBED and SWORN to before me this

___7___ day of ___July___, 2023.

_____
NOTARY PUBLIC

# ATTESTATION

STATE OF ILLINOIS      )
                               ) SS.
COUNTY OF McHENRY   )

Daniel Sedlock, being first duly sworn on oath, deposes and states that he/she is a defendant in the above-captioned matter; that he/she has read the foregoing document, and the answers made herein are true, correct and complete to the best of his/her knowledge and belief.

_____
SIGNATURE

SUBSCRIBED and SWORN to before me this
_____ day of _____July_____, 2023.

_____
NOTARY PUBLIC

OFFICIAL SEAL
HOLEN J DEUTSCHLE
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 1/4/25

## ATTESTATION

STATE OF ILLINOIS      )
                                ) SS.
COUNTY OF McHENRY    )

Michael Clesceri, being first duly sworn on oath, deposes and states that he/she is a defendant in the above-captioned matter; that he/she has read the foregoing document, and the answers made herein are true, correct and complete to the best of his/her knowledge and belief.

_____
SIGNATURE

**OFFICIAL SEAL**
**HOLEN J DEUTSCHLE**
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 1/4/25

SUBSCRIBED and SWORN to before me this

__7__ day of __July_____ , 2023.

_____
NOTARY PUBLIC

## ATTESTATION

STATE OF ILLINOIS      )

                             ) SS.

COUNTY OF McHENRY   )

Bill Prim, being first duly sworn on oath, deposes and states that he/she is a defendant in the above-captioned matter; that he/she has read the foregoing document, and the answers made herein are true, correct and complete to the best of his/her knowledge and belief.

_____

**SIGNATURE**

SUBSCRIBED and SWORN to before me this

___ day of _____, 2023.

_____

NOTARY PUBLIC

OFFICIAL SEAL
HOLEN J DEUTSCHLE
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 1/4/25

## ATTESTATION

STATE OF ILLINOIS     )
                       ) SS.
COUNTY OF McHENRY    )

Keith Nygren, being first duly sworn on oath, deposes and states that he/she is a defendant in the above-captioned matter; that he/she has read the foregoing document, and the answers made herein are true, correct and complete to the best of his/her knowledge and belief.

SIGNATURE

SUBSCRIBED and SWORN to before me this

___7___ day of ___July___, 2023.

NOTARY PUBLIC

OFFICIAL SEAL
HOLEN J DEUTSCHLE
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 1/4/25

# ATTESTATION

STATE OF ILLINOIS       )
                                 ) SS.
COUNTY OF McHENRY    )

David Devane, being first duly sworn on oath, deposes and states that he/she is a defendant in the above-captioned matter; that he/she has read the foregoing document, and the answers made herein are true, correct and complete to the best of his/her knowledge and belief.

_____
SIGNATURE

SUBSCRIBED and SWORN to before me this

____7 day of ____July_____, 2023.

_____
NOTARY PUBLIC

**OFFICIAL SEAL**
**HOLEN J DEUTSCHLE**
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 1/4/25

## <u>CERTIFICATE OF SERVICE</u>

 The undersigned attorney, Troy Owens, hereby certifies that a copy of **Defendants' Answers to Plaintiff's First Set of Interrogatories** was served on

  Jay Kumar, Esq.         *Attorneys for the Defendants and the Proposed*
*Class*
  Jay Kumar Law
  73 W. Monroe St., #100
  Chicago, IL 60603
  Jay@JayKumarLaw.com

  Raphael Janove, Esq.       *Attorneys for the Defendants and the Proposed*
*Class*
  Adam Pollock, Esq.
  Pollock Cohen LLP
  60 Broad St., 24th Fl.
  New York, NY 10004
  Rafi@PollockCohen.com
  Adam@PollockCohen.com

  Jacob Briskman, Esq.       *Attorneys for the Defendants and the Proposed*
*Class*
  A.  *Ross Cassingham, Esq.*
  2054 N. California Ave.
  Chicago, IL 60647
  Jacob.Briskman@gmail.com
  A.Ross.Cassingham@gmail.com

  Charles Wysong        *Attorneys for the Defendants and the Proposed*
  *Class*
  Elizabeth Mazur Esq.
  Margaret Truesdale
  Hughes Socol Piers Resnick & Dym, Ltd.
  70 W. Madison St., Ste 4000
  Chicago, IL 60602
  cwysong@hsplegal.com
  emazur@hsplegal.com
  mtruesdale@hsplegal.com

by emailing before the hour of 4:00 pm on July 7, 2023.

       /s/Troy Owens_____
        Assistant State's Attorney