IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| ALEKSEY RUDERMAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 22-cv-50115 |
| v. | ) | |
| | ) | |
| MCHENRY COUNTY, et al., | ) | |
| | ) | Magistrate Judge Margaret J. Schneider |
| Defendants. | ) | |

# ORDER

Plaintiffs' Motion to Compel [112] is granted. The parties are directed to comply with the Court's order.

## BACKGROUND

Aleksey Ruderman, Jason Clarke, Basaru Asolo, James Forero, and Chris Pocknell ("Plaintiffs") brought this putative class action pursuant to the Trafficking Victims Protection Act and related state law, regarding alleged forced labor in the form of forced cleaning of the McHenry County jail facilities where Plaintiffs were being detained. [21]. Plaintiffs have filed a motion to compel regarding a request for production and an interrogatory directed to Defendants McHenry County, McHenry County Sheriff's Department, Bill Prim, Keith Nygren, Michael Clesceri, Daniel Sitkie, David Devane, and Daniel Sedlock ("Defendants") that seeks information that Plaintiffs claim is relevant to the calculation of damages for the named Plaintiffs and putative class. Plaintiff issued numerous requests for production and interrogatories to Defendants. However, Plaintiff takes issue with two of Defendants' responses to the discovery requests, specifically Request for Production No. 6 and Interrogatory No. 7. These discovery requests seek information about janitorial staff and costs for cleaning labor at the McHenry County jail.

Discovery in this case is ongoing and the previously established fact discovery deadline of September 26, 2024, has been extended to December 9, 2024, following the filing of the amended third-party complaint on September 10, 2024. [121, 132]. On August 9, 2024, Plaintiffs filed the instant motion to compel. [112]. Defendants filed a response on September 6, 2024, and Plaintiffs filed a reply on September 19, 2024. [117, 126].

## LEGAL STANDARD

Under federal law, parties are allowed broad discovery to investigate facts and clarify issues. *Grayson v. City of Aurora*, No. 13 C 1705, 2013 WL 6697769, at *2 (N.D. Ill. Dec. 19, 2013) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Rule 26(b)(1) gives broad power to discover information "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible

1

at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* Fed. R. Civ. P. 27 governs motions to compel. Under the Rule, the movant is required to certify that it has tried in good faith to resolve the dispute without court intervention. Rule 37(a)(1). Local Rule 37.2 also requires that counsel consult over the dispute and attempt to reach an accord. "District courts enjoy broad discretion when considering motions to compel and have consistently adopted a liberal interpretation of the discovery rule." *Martinez v. Cook County*, No. 11 C 1794, 2012 WL 6186601, at *2 (N.D. Ill. Dec. 12, 2012) (citations and quotations omitted). It is with these standards in mind that the Court considers Plaintiffs' motion.

## DISCUSSION

*Request for Production No. 6*

Plaintiffs request for production number 6 asks Defendants to provide "[a]ll documents reflecting costs relating to cleaning labor" for the relevant time period. In interrogatory responses, Defendants confirm that they hired Aftermath Services "for biohazard cleanup on an as-needed basis to clean certain bodily fluids," but in response to this request for production, Defendants have argued that it is overly broad, irrelevant, and unduly burdensome.

Plaintiffs ask this Court to compel Defendants to produce contracts with Aftermath Services for the relevant time period in response to this request. Defendants continue to argue that this request is irrelevant to the calculation of damages and that it would be substantially burdensome to produce the requested contracts as it "*could* result in the manual search of a decade's-worth of documents." [117 (emphasis added)]

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests. Fed. R. Civ. P. 37(a)(3). The proponent of such a motion "bears the initial burden of proving that the information sought is relevant." *West v. Miller*, 2006 WL 2349988, at *2 (N.D. Ill. 2006) (citing *U.S. v. Lake County Bd. Of Com'rs*, No. 2:04 CV 415, 2006 WL 978882, at *1 (N.D.Ind. Apr. 7, 2006)). Once this relevancy is established, the burden shifts to the party objecting to the discovery request to show why the request is improper. *Trading Technologies Intern., Inc. v. eSpeed, Inc.*, No. 04 C 5312, 2005 WL 1300778, at *1 (N.D. Ill. Apr. 28, 2005) (citing *Rubin v. Islamic Republic of Iran*, 349 F. Supp. 2d 1108, 1111 (N.D. Ill. 2004)). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Cunningham v. Smithkline Beecham*, 225 F.R.D. 474, 478 (N.D. Ind. 2009) (citing *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506, *6 (N.D. Ill. 2006)). Here, Plaintiffs make a sufficient showing of relevance to shift the burden and Defendants fail to meet their burden of showing why the request is improper.

As this case rests on the alleged forced labor of civil immigration detainees cleaning the jail facilities, the costs associated with cleaning said facilities is relevant to damages. If Plaintiffs were to prevail on their claims, they may be entitled to restitution for the value of the cleaning services they provided. *Leiva v. Clute*, No. 4:19-CV-87-TLS-JPK, 2020 WL 8514822, at *12 (N.D. Ind. Dec. 16, 2020) ("Pursuant to the TVPA, restitution requires compensation for the value of the services rendered.") Under the broad definition of relevance for the purposes of discovery,

information about what the Defendants paid another company for cleaning services could be relevant to that calculation. Defendants' argument that a response to this request for production is unduly burdensome is unconvincing. Rather than showing such a burden, Defendants argue that a response "*could* result in the manual search of a decade's-worth of documents." Def.'s Resp. at 3. However, this Court will not accept such a speculative argument. Rather, affirmative proof of undue burden is required. *See Jenkins v. White Castle Mgmt. Co.*, 2014 WL 3809763, *2 (N.D. Ill. 2014) (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981)) ("Undue burden or expense, actual or potential, must be shown by a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.") (internal quotations omitted).

Regarding the Aftermath contracts, Plaintiffs have made clear that they are not looking for a report of each individual request for Aftermath's work but rather the overarching contracts outlining the agreement between Aftermath and Defendants. Defendants have failed to show how such a production would be unduly burdensome. Accordingly, this Court finds that Plaintiffs' request, limited in this way, is both relevant and proportional to the needs of this case. If necessary, the parties shall meet and confer to resolve this dispute and come to an agreement as to how this request can be fulfilled in a way that minimizes the burden of production to Defendants in responding to Request for Production No. 6.

*Interrogatory No. 7*

Plaintiff's Interrogatory No. 7 asks Defendants to provide Plaintiffs with the number of janitorial staff responsible for cleaning the detention center, the dates of their employment, and their salaries for the relevant period. Defendants initially responded to this interrogatory with objections relating to the vagueness of this request but later provided documentation outlining the janitorial staff dates of employment, starting and ending hourly wages, and a Collective Bargaining Agreement ("CBA").

Plaintiffs remain unsatisfied with the response from Defendants and ask this Court to compel Defendants to provide the janitorial staff's annual wage information. Defendants allege that this interrogatory has been sufficiently answered with their production of each janitorial staff member's starting and current hourly wage as well as the CBA which includes a step schedule for these employees. Plaintiffs respond that Defendants' response is lacking because the CBA is not admissible evidence and does not obviate a need for a written response to the interrogatory. Plaintiffs further argue that Defendants failed to show any undue burden.

The Court agrees that information relating to the janitorial staff's wages is relevant, as previously discussed with respect to costs of cleaning at the jail. Defendants have not even attempted to show how producing such information would be unduly burdensome. Defendants seemingly agree regarding the relevance of this information, as they have provided a partial response.

However, Defendants have failed to provide adequate information as it is still unclear to Plaintiffs what each janitorial staff member was paid each year during the relevant time period. When necessary, production must be made in "a reasonably usable form" which has not yet been accomplished. *See* Fed. R. Civ. P. 34(a)(1)(A). Despite Defendants' contention, Plaintiffs have not found a clear way to calculate the requested information from what has been provided so far. As

3

such, Defendants are ordered to provide a response to Interrogatory No. 7 that provides the hourly wages of their janitorial staff for each relevant year or, as suggested by Plaintiffs, produce records, such as de-identified payroll records for the 11 employees at issue, that otherwise sufficiently provides this information to Plaintiffs.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel is granted.

Date: October 18, 2024     Enter: *Margaret J. Schneider*
                                  United States Magistrate Judge