UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ALEKSEY RUDERMAN, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> McHENRY COUNTY, *et al.*, ) <br> ) <br> Defendants/Third-Party Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Third-Party Defendant. ) | No. 22 C 50115 <br><br> Judge Johnston <br> Magistrate Judge Schneider |

**UNITED STATES' MEMORANDUM IN SUPPORT OF
<u>MOTION TO DISMISS AMENDED THIRD-PARTY COMPLAINT</u>**

### Introduction

Defendants/Third-Party Plaintiffs, McHenry County, McHenry County Sheriff's Office, Bill Prim, Keith Nygren, Michael Clesceri, Daniel Sitkie, David Devane, and Daniel Sedlock (collectively "the County") have filed an amended third-party complaint against the United States of America alleging negligent supervision and seeking contribution. The County's torts claims are subject to the Federal Tort Claims Act (FTCA) and should be dismissed because the claims are premature.

### Background

This matter arises out of a putative class action lawsuit filed by civil immigrant detainees who were housed at the McHenry County Detention Center against McHenry County, Illinois, and other defendants. Dkt. 21. Plaintiffs allege primarily that the County committed violations of the forced labor provisions in the Trafficking Victims Protection Act (TVPA) by requiring civil

immigration detainees to perform various janitorial and maintenance services without compensation and against their will. *Id*. The plaintiffs allege that their class includes all civil immigration detainees who were forced to perform uncompensated janitorial labor in the McHenry County Detention Center from April 14, 2012, to February 28, 2022. *Id.*

Counsel for the County sent a letter to US Immigration and Customs Enforcement (ICE) on December 13, 2023, demanding that it agree to: (1) hold the County harmless, (2) indemnify the County, (3) assume the defense of the County, and (4) pay any and all incurred and future legal expenses of the County against all losses arising as a result of the claims in the Plaintiff's lawsuit. Dkt. 121, ¶ 12. ICE declined to meet the County's demands. Dkt. 121, ¶ 13. The County then joined the United States to the lawsuit, filing a third-party complaint on March 20, 2024, Dkt. 99, and an amended third-party complaint on September 10, 2024.

**Argument**

The County's amended third-party complaint should be dismissed because the claims contained therein are premature. Although the complaint has one count for negligent supervision and one count for contribution, it seeks only one form of relief: an order requiring the United States to indemnify the County for any judgment entered against them. However, the County filed the operative third-party complaint before a judgment was entered against it and therefore before any such claim accrued.

The tort claims alleged against the United States are premature because their success is contingent on future events that may not occur as estimated or may not occur at all. The United States' alleged liability depends on this court entering judgment in favor of the plaintiffs and against the County in the underlying suit. Thus, any claim the County may have against the United States is yet to accrue. A claim accrues under the FTCA, and the statute of limitations beings to

2

run, "either when the government cause [of the tort] is known or when a reasonably diligent person (in the tort claimant's position) reacting to any suspicious circumstances of which he might have been aware would have discovered the government cause—whichever comes first." *Drazan v. United States*, 762 F.2d 56, 59 (7th Cir. 1985).

The County's allegations for negligent supervision hinge on two big "ifs": whether the County is "found liable for the allegations contained in Plaintiff's First Amended Complaint" and whether "Plaintiffs' allegations are proven true". Amended third-party complaint, Dkt. 121 at ¶¶ 38–39. The County continues to deny any liability or fault in the underlying case. Dkt. 121 at ¶ 9. So, McHenry County's negligent supervision claim has not accrued because it has not been found liable to or settled with the Plaintiffs in the underlying case. *Central Rivers Towing, Inc. v. City of Beardstown, Ill.*, 750 F.2d 565, 572 (7th Cir. 1984) ("The third-party plaintiff's rights are governed by a different statute of limitations which does not begin to run until there is a final judgment or until the third-party plaintiff has paid the original plaintiff."). Equally, the County's allegations for statutory contribution depend on "*if*" plaintiffs' allegations are proven true. *See e.g.*, Dkt. 121 at ¶44. Meanwhile, a cause of action for contribution accrues only after judgment or settlement of the underlying tort occurs. *See McCarter v. John Hancock Ctr.*, 2002 WL 31875470 at *4 (N.D. Ill. 2002); *Colson Caster Corp. v. United States*, 2004 WL 1166601 at *2 (N.D. Ill. 2004).

To avoid dismissal on accrual grounds, the County may attempt to argue that its claim for contribution is still valid under Illinois law; however, it is well-settled that it is "*federal law* rather than state law that 'governs when claims accrue under the FTCA.'" *Colson Caster Corp. v. United Staes*, 2004 WL 1166601 at *2 (N.D. Ill. 2004) (emphasis added). Put simply, both claims for negligent supervision and contribution do not, and cannot, exist unless or until the underlying claims against the County have been proven true or settled. Both claims are not ripe for

3

adjudication because they rest "upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotations and citation omitted).

However, this is not to say that both claims would have merit even if they are ripe for adjudication. A negligent supervision claim in Illinois is a cause of action against an employer for the employer's failure to reasonably supervise an employee. *Doe v. Coe*, 2019 IL 123521, ¶ 33. However, the County has not plausibly alleged that the United States is an employer whose employee caused harm to the County as a result of negligent supervision. *Id*. Equally, contribution is a mechanism to split liability among joint tortfeasors. The County alleges it is entitled to 'common law contribution' from the United States. Amended third-party complaint, Dkt. 121 at ¶45. Yet, the relief the County seeks sounds in indemnity because it attempts to evade liability entirely, shifting it completely to the United States. *Id.* (". . . if Plaintiff recovers judgment against Third-Party Plaintiffs under any of the counts in Plaintiff's Amended Complaint, that judgment be entered in favor of Third-Party Plaintiffs and against Third-Party Defendant."). *See Home Ins. Co. v. Cincinnati Ins. Co.*, 821 N.E.2d 269, 276 (Ill. 2004) ("The remedies of contribution and indemnity are mutually exclusive, and contribution is prohibited where a party has a right to indemnity.") (internal citations omitted).

**Conclusion**

For the foregoing reasons, the court should dismiss the amended third-party complaint without prejudice.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By: s/ Ifeanyi C. Mogbana
    IFEANYI C. MOGBANA
    Assistant United States Attorney
    327 South Church Street, Suite 3300
    Rockford, Illinois 61101
    (815) 987-4444
    ifeanyi.mogbana@usdoj.gov