**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

Aleksey Ruderman, *et al.*,

Plaintiffs,

v.

McHenry County, *et al.*,

Defendants/Third-Party Plaintiffs,

v.

United States of America,

Third-Party Defendant.

Case No.: 3:22-cv-50115

Judge Iain D. Johnston

ORDER

In the underlying suit, the plaintiffs brought a putative class action against the County, alleging Trafficking Victims Protection Act (TVPA) violations. Dkt. 21. Specifically, the plaintiffs claimed that the County forced civil immigration detainees to perform janitorial and maintenance services without compensation. *Id.* Third-Party Plaintiffs ("the County"), in turn, sought leave under F.R.C.P. Rule 14(a) to file a third-party complaint against the United States ("ICE"). Dkt. 93. The Court granted it. Dkt. 97. The County later filed this Amended third-party Complaint, alleging failure to supervise and contribution claims. Dkt. 121. ICE moved to dismiss the Complaint under F.R.C.P. Rule 12(b)(6), arguing that the County's claims are "premature,"[1] because the County "has not been found liable to or settled with the [the County] in the underlying case." Dkt. 146.

[1] At the end of its Motion, ICE briefly asserts that the County hasn't "plausibly alleged" a negligent supervision claim. Dkt. 146, pg. 4. To the extent ICE raises a separate basis to dismiss the County's claim, the Court rejects that, too. The County sufficiently alleges that it had a contract with ICE, that ICE solely authored all relevant standards, and that the County passed all of ICE's annual inspections. *See generally* dkt. 121.

Rule 14 allows a defending party to sue a nonparty "who is *or maybe* liable to it for all or part of the claim against it." 14(a)(1) (emphasis added). The County sufficiently alleges that ICE is a party that maybe liable. Ordinarily, 14(a) explicitly countenances that the third-party plaintiff lacks a final judgment in the initial suit. "Third -party practice fosters efficient litigation by packaging the underlying claim for liability and any indemnity or contribution claims in a single case. This inclusive packaging spares the judicial system and at least some of the parties the waste and expense of multiple suits. Concomitantly, it avoids the possibility of inconsistent judgments. Joinder of all persons interested in the ultimate resolution of the disputes binds them to a single judgment." 3 *Moore's Federal Practice*, §14.03 (Matthew Bender 3d ed.) So, unless FTCA claims are unique, the County's third-party Complaint isn't premature. On this point, again, *Moore's* is helpful: "First, in tort cases, it is clear that the Federal Tort Claims Act permits a private tortfeasor defendant to implead the joint tortfeasor United States." *Id.* at §14.10[1].

ICE hasn't persuaded the Court to treat it differently. First, the FTCA discusses impleader actions, imposing no administrative exhaustion requirements on claims "asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim or counterclaim." 28 U.S.C. § 2675(a). If the Statute required unique finality conditions, it would make sense to note that distinction. Further, other courts have treated FTCA impleader claims like regular ones, demanding no additional accrual or finality burdens. *See Vinmar Overseas, Ltd. v. OceanConnect, LLC*, No. H-11-4311, 2012 U.S. Dist. LEXIS 169351 (S.D. Tex. 2012); *Lee v. Schultz*, CIV 14-4117, 2015 U.S. Dist. LEXIS 35353 (D.S.D. 2015); *Kodar, LLC v. U.S. (F.A.A.)*, 879 F. Supp. 2d 218 (D.R.I. 2012). ICE doesn't cite a case in which a court dismissed an impleaded FTCA claim on prematurity grounds.[2] So, the Court won't find the County's claims premature.

For the above reasons, the Court denies ICE's Motion.

Entered: March 14, 2025

By:_________________________
Iain D. Johnston
U.S. District Judge

---

[2] ICE cites language in *McCarter v. John Hancock Ctr.*, No. 02-cv-6121, 2002 U.S. Dist. LEXIS 24650, at *10–11 (N.D. Ill. 2002), arguing that a contribution claim doesn't accrue until a settlement or judgment has been entered. That case was dismissed on other jurisdictional grounds. And though it mentions the accrual, it never *barred* an impleaded claim under ordinary circumstances. The court in that case remanded the underlying claim to state court—which lacked FTCA jurisdiction—so it made sense to remind the third-party plaintiff that, if it lost, it could still return to federal court and seek contribution.