UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ALEKSEY RUDERMAN, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> McHENRY COUNTY, *et al.*, ) <br> ) <br> Defendants/Third-Party Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Third-Party Defendant. ) | No. 22 C 50115 <br><br> Judge Johnston <br> Magistrate Judge Schneider |

**THIRD-PARTY DEFENDANT UNITED STATES'**
**ANSWER TO AMENDED THIRD-PARTY COMPLAINT**

Third-Party Defendant United States of America, by its attorney, Andrew S. Boutros, United States Attorney for the Northern District of Illinois, for its answer to the amended third-party complaint (Dkt. 121) of third-party plaintiffs McHenry County, McHenry County Sheriff's Office, Bill Prim, Keith Nygren, Michael Clesceri, Daniel Sitkie, David Devane, and Daniel Sedlock (collectively "the County"), states as follows:

**First Defense**

The County's causes of action and recovery against the United States, if any, are subject to and limited by the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) 2671-2680. For example, pursuant to 28 U.S.C. § 2678, the United States is not liable for attorneys' fees except as provided for by the FTCA. And pursuant to 28 U.S.C. § 2674, the United States is not liable for interest prior to judgment or for punitive or special damages.

**Second Defense**

The County cannot obtain contribution or indemnity from the United States because plaintiffs' injuries, damages, and losses, if any, were solely and proximately caused by the negligence of individuals not under the control of the United States and for whom it lacks any liability under the FTCA.

**Third Defense**

If the incidents alleged in plaintiffs' complaint and the County's third-party complaint resulted from the negligence of any entity or person, those incidents were not the result of any negligence of any other employee or deemed employee or agent of the United States.

**Fourth Defense**

The County cannot obtain contribution or indemnity from the United States because: (a) the acts or omissions of the United States, or any of its deemed or other employees or agents, were not a substantial factor in causing—or a substantial cause of—any injury or loss that plaintiff may have sustained; and (b) the United States and its deemed and other employees and agents, did not breach any applicable standard of care in a way that increased a risk of harm to the plaintiffs.

**Fifth Defense**

To the extent that the County asserts a claim under a contractual right to contribution and indemnity in excess of $10,000, the United States Court of Federal Claims has exclusive jurisdiction over such claims. 28 U.S.C. § 1491(a).

**Sixth Defense**

Any portion of the claims that the County asserts against the United States that may be construed as a claim for contractual indemnity is not cognizable under the Federal Tort Claims Act and should be dismissed.

### Seventh Defense

The County's recovery against the United States is limited to the extent that the County failed to mitigate its damages.

### Eighth Defense

The County is not entitled to a jury trial on its third-party claim(s) against the United States. 28 U.S.C. § 2402.

### Ninth Defense

The County is not entitled to any prejudgment interest should it obtain a judgment against the United States, which does not admit any liability. See 28 U.S.C. § 2674.

### Tenth Defense

The County's damages, if any, should be reduced to the extent that its's own negligence contributed in whole or in part to the damages of which plaintiff complains, and the Illinois law on contributory fault, 735 Ill. Comp. Stat. 5/2-1116, applies to eliminate or reduce any recovery against the United States.

### Eleventh Defense

If any damages are recoverable against the United States, the amount of such damages shall be diminished in the proportion which the culpable conduct attributable to third parties bears to the culpable conduct that caused the damages.

### Twelfth Defense

Answering the specific allegations of the complaint, the United States of America admits, denies, or otherwise avers as follows:

**Jurisdiction And Venue**

1. **Complaint:** This is a civil action arising under the federal Trafficking Victims Protection Act (the "TVPA") cited at U.S.C. §1589, 1595. The jurisdiction of this Court is conferred by 28 U.S.C. § 1343.

   **Response:** Third-Party Defendant denies the allegations in this paragraph.

2. **Complaint:** The state law claims in this action are so related to the claims in the action within the original jurisdiction of this Court that they form part of the same case or controversy in Article III of the United States Constitution. The Court's jurisdiction over these claims is invoked under 28 USC § 1367.

   **Response:** Third-Party Defendant denies the allegations in this paragraph.

3. **Complaint:** This Court has jurisdiction over the claims alleged in this Complaint against the Third-Party Defendants pursuant to 28 USC §§ 1346(b)(1), 2671-2680 (Federal Tort Claims Act) and the United States' sovereignty immunity is waived pursuant to same.

   **Response:** Third-Party Defendant denies the allegations in this paragraph.

4. **Complaint:** The Court has the authority to enter judgment in favor of Third-Party Plaintiffs under 28 U.S.C. §2674 and Federal Rules of Civil Procedure 58.

   **Response:** Third-Party Defendant denies the allegations in this paragraph.

5. **Complaint:** The facts giving rise to this Third-Party Complaint have been presented to the appropriate Federal Agency, Immigration and Customs Enforcement ("ICE"), and the claim has been finally denied as required pursuant to 28 U.S.C. §2675. See attached hereto as Exhibit A.

   **Response:** Third-Party Defendant denies the allegations in this paragraph

  **6.**  **Complaint:**  Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §139(b)(1).

    **Response:**  Third-Party Defendant denies the allegations in this paragraph.

<strong>FACTS SUPPORTING ALL COUNTS</strong>

  **7.**  **Complaint:**  At all times relevant to the events at issue in this case, Third-Party Plaintiffs were under contract ("the Contract") with Third-Party Defendant to provide housing and detention services to civil immigrant detainees. A copy of that contract is attached hereto as Exhibit B.

    **Response:**  Third-Party Defendant admits that the County entered a contract with the United States Marshals Service (USMS) but denies the rest of the allegations in this paragraph.

  **8.**  **Complaint:**  Plaintiffs filed a Complaint against the Defendants alleging that Defendants unlawfully forced civil immigrant detainees to perform uncompensated labor to clean and maintain the premises. A copy of Plaintiff's First Amended Complaint is attached hereto as Exhibit C.

    **Response:**  Third-Party Defendant admits the allegations in this paragraph.

  **9.**  **Complaint:**  Defendants and Third-Party Plaintiffs have filed their answer to Plaintiff's First Amended complaint denying all liability.

    **Response:**  Third-Party Defendant admits the allegations in this paragraph.

  **10.**  **Complaint:**  Pursuant to the applicable terms and conditions of the Contract, identified as Exhibit B, Third-Party Plaintiffs were required to notify "the Federal Government of any activity which would likely result in litigation..." Third-Party Plaintiff notified the Federal

Government, via email to Deputy Chief Counsel, U.S. Department of Homeland Security, on October 7, 2022, attached as Exhibit D.

**Response:** Third-Party Defendant admits that the County sent the email described in this paragraph but denies the rest of the allegations in this paragraph.

11. **Complaint:** On August 23, 2023, members of the McHenry County State's Attorney's Office spoke, via telephone, with an Associate Legal Advisor with the Office of the Principal Legal Advisor ("Associate Legal Advisor") for U.S. Immigration and Customs Enforcement. During this telephone conversation, member of the McHenry County State's Attorney's Office advised the Associate Legal Advisor of the filed litigation against Defendants, providing a case number, and requested a response from the Federal Government. To date, Defendants have never received a response from the Federal Government.

**Response:** Third-Party Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph; accordingly, they are denied.

12. **Complaint:** On December 13, 2023, Defendants sent via certified mail and email to several officers and/or representatives of Third-Party Defendant, correspondence notifying of the suit filed against Defendants and requesting indemnification pursuant to contract between Defendants and Third-Party Defendant. A copy of this correspondence is attached as Exhibit E.

**Response:** Third-Party Defendant admits the allegations in this paragraph.

13. **Complaint:** On February 27, 2024, Third-Party Plaintiff's received a response from Third-Party Defendant in which Third-Party Defendant indicated that they have reviewed the materials submitted as well as ICE's regional enforcement obligations and found no basis upon which to meet the demands of Third-Party Plaintiffs.

**Response:** Third-Party Defendant admits that it rejected the County's demand for contractual indemnification but denies the rest of the allegations in this paragraph.

14. **Complaint:** Defendants submit this Third-Party Complaint for negligent supervision and contribution and specifically deny all allegations of wrongdoing contained in plaintiff's complaint, and by asserting this Third-Party complaint, in no way admit liability for plaintiff's damages.

**Response:** Third-Party Defendant denies the allegations in this paragraph.

15. **Complaint:** Defendant United States Department of Homeland Security ("DHS"), headed by the Secretary of the Department of Homeland Security is part of the Executive Branch of the United States Government and is headquartered in Washington D.C. DHS is responsible for enforcing federal laws governing, *inter alia*, boarder control and immigration.

**Response:** Third-Party Defendant admits the allegations in this paragraph.

16. **Complaint:** Defendant U.S. Immigration and Customs Enforcement ("ICE") is a component of DHS, headquartered in Washington, D.C., and is in charge of enforcing federal immigration laws, including arresting and detaining noncitizens.

**Response:** Third-Party Defendant admits the allegations in this paragraph.

17. **Complaint:** The Enforcement and Removal Operations ("ERO") directorate, a department within ICE, "manages all aspects of the immigration enforcement process, including identification and arrest, domestic transportation, detention, bond management, including alternatives to detention."[1]

**Response:** Third-Party Defendant admits the allegations in this paragraph.

---

[1] https://www.ice.gov/about-ice (last accessed May 15, 2024)

18. **Complaint:** The Office of Professional Responsibility ("OPR"), a department within ICE, "is responsible for upholding the agency's professional standards through a multi-disciplinary approach of security, inspections and investigations. OPR promotes organizational integrity by vigilantly managing ICE's security programs, conducting independent reviews of ICE programs and operations, and impartially investigating allegations of serious employee and contract misconduct, as well as internal or external threats against ICE personnel and facilities." [2]

**Response:** Third-Party Defendant admits the allegations in this paragraph.

19. **Complaint:** Additionally, "OPR's Inspections program office inspects, audits and reviews ICE directorates and programs to assess compliance with federal laws, applicable policies and procedures, and the agency's detention standards." [3]

**Response:** Third-Party Defendant admits the allegations in this paragraph.

20. **Complaint:** Furthermore, "OPR inspects ICE detention facilities to ensure they comply with ICE national detention standards." [4]

**Response:** Third-Party Defendant admits the allegations in this paragraph.

21. **Complaint:** At all relevant times pled by Plaintiffs in the underlying action, the national detention standards are created, controlled, and enforced solely by ICE and each "detention facility within an U.S. Immigration and Customs Enforcement (ICE) contract must comply with one of several national detention standards: National Detention Standards (NDS), Performance-Based National Detention Standards (PBNDS), PBNDS 2011 (revised 2016), NDS 2019, and Family Residential Standards 202."[5]

---

[2] *Id.* (last accessed May 15, 2024)

[3] https://www.ice.gov/about-ice/opr (last accessed May 15, 2024)

[4] *Id.* (last accessed May 15, 2024)

[5] https://www.ice.gov/factsheets/ice-detention-standards (last accessed May 14, 2024)

**Response:** Third-Party Defendant admits that facilities, used by ICE must comply with detention standards (including, depending on the facility, the Performance-Based National Detention Standards ("PBNDS")), set forth in each relevant contract, but deny the rest of the allegations in this paragraph.

22. **Complaint:** At all relevant times, ICE, as the sole authority, directly controlled the standard of care for treatment of immigrant detainees.

**Response:** Third-Party Defendant denies the allegations in this paragraph.

23. **Complaint:** At all relevant times, ICE, as the sole authority, maintained direct supervisory control over the treatment of civil immigrant detainees.

**Response:** Third-Party Defendant denies the allegations in this paragraph.

24. **Complaint:** At all relevant times, ICE, as the sole authority, "manages *all* aspects of the immigration enforcement process including…detention…" (see ¶¶17 supra, emphasis added).

**Response:** Third-Party Defendant denies the allegations in this paragraph.

25. **Complaint:** At all relevant times, ICE, as the sole authority, directed and managed the transportation and movements of civilly detained immigrants to and from the McHenry County Jail, including the named Plaintiffs in this action.

**Response:** Third-Party Defendant denies the allegations in this paragraph.

26. **Complaint:** At all relevant times, ICE, as the sole supervisory authority over civilly detained immigrants, was performing a non-discretionary function as to whether Third-Party Plaintiffs would be subject to ICE's detention standards.

**Response:** Third-Party Defendant denies the allegations in this paragraph.

## COUNT I – NEGLIGENT SUPERVISION

**27. Complaint:** Third-Party Defendant, at their sole exclusive plenary control required the publishing of handbooks that are plead as exhibits against Third-Party Plaintiffs in the First Amended Complaint, and which memorialize the NDS and PBNDS alleged in the preceding paragraphs. Copies of the handbooks memorializing the NDS and PBNDS standards are attached as Group Exhibit F. Third-Party Plaintiffs had no discretion in the authorship of Group Exhibit F and were entirely reliant on Third-Party Defendant for the authorship and ultimate determination of standards therein.

**Response:** Third-Party Defendant admits that it authored the NDS and PBNDS but denies the rest of the allegations in this paragraph.

**28. Complaint:** During the period relevant to the allegations by named plaintiffs, Third-Party Plaintiffs, pursuant to the terms and conditions of the Contract, attached as Exhibit B, were required to submit to periodic inspections.

**Response:** Third-Party Defendant admits the allegations in this paragraph.

**29. Complaint:** In addition, Third-Party Defendant, through their designee, The Nakamoto Group, Inc., inspected, using the NDS and/or PBNDS, the McHenry County Jail and the Civil Immigrant Detainee program from 2012 through 2021.

**Response:** Third-Party Defendant admits that it contracted with The Nakamoto Group, Inc., to conduct inspections of the McHenry County Jail and the Civil Immigrant Detainee program from 2012 through 2021 but denies the rest of the allegations in this paragraph.

**30. Complaint:** The Nakamoto Group, Inc. was an employee of Third-Party Defendant, the federal government, pursuant to 28 U.S.C. §2671, as the Nakamoto Group, Inc., acted on behalf of ICE by providing inspection services for the relevant time period.

**Response:** Third-Party Defendant admits it contracted with The Nakamoto Group, Inc. to provide inspection services, but deny the rest of the allegations in this paragraph.

31. **Complaint:** Each year, The Nakamoto Group, Inc. recommended that the McHenry County Jail receive a rating of "Meets Standards" or "Acceptable" relating to Third-Party Defendants NDS/PBNDS standards.

**Response:** Third-Party Defendant admits that the McHenry County Jail received acceptable ratings during the relevant period but deny the rest of the allegations in this paragraph.

32. **Complaint:** Third-Party Plaintiffs had no authority or discretion to modify the conditions, requirements, and rules for the housing of civil immigrant detainees, including whether Third-Party Plaintiffs were NDS and/or PBNDS compliant.

**Response:** Third-Party Defendant admits that the County had no authority or discretion to modify the PBNDS but denies the rest of the allegations in this paragraph.

33. **Complaint:** The rules regulations and practices of housing civil immigrant detainees in the McHenry County Detention Center were exclusively and plenarily controlled by Third-Party Defendant based upon the latter's ability to control the same under Exhibit B, pursuant to said contracts. This exclusive and plenary control by Third-Party Defendant applied specifically to the cleaning requirements imposed upon civil immigration detainees for their immediate living spaces and common areas.

**Response:** Third-Party Defendant denies the allegations in this paragraph.

34. **Complaint:** Third-Party Plaintiffs had no power to deviate from the rules, regulations, and practices of housing civil immigrant detainees as imposed upon them pursuant to Exhibits A, pursuant to said contract. This exclusive and plenary control by Third-Party

11

Defendants applied specifically to the cleaning requirements imposed upon civil immigration detainees for their immediate living spaces and common areas.

  **Response:** Third-Party Defendant denies the allegations in this paragraph.

 35. **Complaint:** Third-Party Defendant had exclusive, plenary, and final control over the manner in which civil immigrant detainees were detained for purposes of their conditions of confinement while waiting for determination as to their immigration status. Requirements that civil immigration detainees clean their immediate living spaces and common living areas were imposed upon Third-Party Plaintiffs by the rules, regulations, and requirements promulgated on Third-Party Plaintiffs by Third-Party Defendant.

  **Response:** Third-Party Defendant denies the allegations in this paragraph.

 36. **Complaint:** ICE, as the sole rule-promulgating authority, and with the initiative of the OPR conducting "independent reviews of ICE programs and operations," had no discretion as to whether a facility, such as the McHenry County Jail, met ICE's standard of care in the treatment of civil immigrant detainees via ICE's national detention standards.

  **Response:** Third-Party Defendant denies the allegations in this paragraph.

 37. **Complaint:** ICE, as the sole authority of ICE's detention standards, created and assumed a duty to Third-Party Plaintiffs to ensure compliance with ICE's detention standards.

  **Response:** Third-Party Defendant denies the allegations in this paragraph.

 38. **Complaint:** If Third-Party Plaintiffs are found liable for the allegations contained in Plaintiff's First Amended Complaint, based upon the enforcement of rules solely authored by the Federal Government as it pertains to the rules, regulations, and requirements imposed upon civil immigration detainees for cleaning their immediate living spaces and common areas, Third-Party Defendant, and their designees, failed to exercise reasonable care in their self-

imposed mandated rules, regulations, and restrictions that were intended to ensure that Third-Party Plaintiffs met Third-Party Defendant's detention standards.

    **Response:**  Third-Party Defendant denies the allegations in this paragraph.

  **39.**  **Complaint:**  If Plaintiffs' allegations are proven true, Third-Party Defendant will have willfully and wantonly breached their standard of care owed to Third-Party Plaintiffs and Plaintiffs.

    **Response:**  Third-Party Defendant denies the allegations in this paragraph.

  **40.**  **Complaint:**  If Plaintiffs' allegations are proven true, Third-Party Defendant's willful and wanton breach of their duty resulted in injury to Plaintiffs and, by extension, Third-Party Plaintiffs.

    **Response:**  Third-Party Defendant denies the allegations in this paragraph.

  **41.**  **Complaint:**  As a result of Plaintiff's First Amended Complaint and their attempts to recover damages, costs, interest, penalties, attorney fees, and costs against Third-Party Plaintiffs, Third-Party Plaintiffs are exposed to liability for the alleged violations of state and federal law.

    **Response:**  Third-Party Defendant denies the allegations in this paragraph.

  **42.**  **Complaint:**  As a result of Plaintiff's Complaint against Third-Party Plaintiffs, Third-Party Plaintiffs have incurred and will continue to incur litigation costs, expenses, and other potential losses and/or damages in defending the instant action and in pursuing the third-party claims.

    **Response:**  Third-Party Defendant denies the allegations in this paragraph.

**COUNT II – CONTRIBUTION**

  **43.**  **Complaint:**  Third-Party Plaintiffs reassert paragraphs 1-42 and incorporate said allegations and recitals in support of this Count II.

**Response:** Third-Party Defendant incorporates each of its answers, denials, and responses to paragraphs 1-42 as if fully re-written herein.

**44. Complaint:** If Plaintiffs' allegations are proven true, Third-Party Plaintiff is jointly liable for the alleged tortious conduct pursuant to the Illinois Joint Tortfeasor Contribution Act (740 ILCS 100/0.01, et seq.).

**Response:** Third-Party Defendant denies the allegations in this paragraph.

**45. Complaint:** Assuming Plaintiffs' allegations are proved, Third-Party Plaintiffs are entitled to common law contribution from Third-Party Defendant for all damages, costs, penalties, attorney fees, and costs Plaintiffs recover against Third-Party Plaintiffs and in addition, all litigation costs, expenses, attorney's fees, and other potential losses and/or damages Third-Party Plaintiffs incur in defending Plaintiff's claims in the instant action.

**Response:** Third-Party Defendant denies the allegations in this paragraph.

WHEREFORE, the United States requests that the case be dismissed with prejudice and that the court award such further relief as may be appropriate.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: s/ Ifeanyi C. Mogbana
　　IFEANYI C. MOGBANA
　　Assistant United States Attorney
　　327 South Church Street, Suite 3300
　　Rockford, Illinois 61101
　　(815) 987-4444
　　ifeanyi.mogbana@usdoj.gov