**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Aleksey Ruderman, et al., | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | Case No. 3:22-cv-50115 |
| v. | ) | |
| | ) | Magistrate Judge Michael F. Iasparro |
| McHenry County, et al., | ) | |
| | ) | |
| *Defendants/Third-Party Plaintiffs*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| *Third-Party Defendant*. | ) | |

<u>**ORDER**</u>

Third-Party Defendant United States has filed a Motion for Entry of a Protective Order [175], seeking to prevent the noticed depositions of six employees of U.S. Immigration and Customs Enforcement (ICE) from taking place until Defendant/Third-Party Plaintiff McHenry County complies with certain regulations commonly known as *Touhy* regulations with respect to the requested depositions. For the reasons that follow, that motion is denied.

On July 31, 2025, this Court held a status hearing in this case during which all parties, the United States included, discussed the status of discovery in the case, including the desire of Defendant/Third-Party Plaintiff McHenry County to take the depositions of six ICE witnesses from whom declarations had recently been obtained and produced by the United States. Dkt. 173, 174. At the July 31 hearing, counsel for the United States indicated the government would be cooperative with respect to scheduling the depositions of those ICE witnesses, while noting the prospect of logistical concerns given the unknown location and other duty obligations of those witnesses. At no time during the July 31 hearing did the government indicate that the Department of Homeland Security's *Touhy* regulations would have to be complied with before the depositions of the ICE witnesses could be taken. On August 6, 2025, McHenry County served an Amended Notice of Depositions, noticing the depositions of the six ICE employees whose declarations the United States had previously produced. Dkt. 176-1, Exh. 1. All depositions were noticed to be conducted via Zoom videoconferencing platform. After receiving the Amended Notices of Deposition, counsel for the United States and counsel for McHenry County exchanged written communications, and engaged in a brief meet and confer conference, in an attempt to resolve a dispute over whether, prior to being allowed to take the depositions of the six ICE employees, McHenry County needed to comply with certain regulations which, in essence, would require pre-

approval from the Department of Homeland Security (DHS), of which ICE is a part, before any ICE employee could be deposed – this despite the fact that the United States is a party to this litigation.

In its motion, the United States takes the position that, even when it is a party to litigation, anytime the deposition of an employee of the United States is sought (and specifically here, the six ICE employees who are under the umbrella of DHS), the party requesting the deposition must comply with what are referred to as the DHS's *Touhy* regulations, 6 C.F.R. § 5.41, *et seq*. As the government states, "In relevant part, those regulations so named after *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), prohibit current and former DHS employees from testifying about information gained from their employment without department approval." Motion at 2, Dkt. 176. The government further states that "[w]hile those regulations do not purport to alter or amend the United States' discovery obligations under the Federal Rules of Civil Procedure, they do impose certain procedural requirements for the making and internal processing of demands upon DHS to produce information in its files." *Id.* at 4. Among those requirements are that a party seeking release of official information from DHS (including in response to requests for depositions), must make that request in writing to the DHS Office of the General Counsel, and must include in that request as much specificity as possible, including the nature and relevance of the official information sought. 6 C.F.R. §§ 5.41(a), 5.43(a). Upon receipt of such a request, the DHS Office of General Counsel must then decide whether to grant the request, taking into consideration a number of factors set forth in the regulations, including whether compliance would be unduly burdensome or otherwise inappropriate under applicable rules of discovery, whether any privileged information might be disclosed, the public interest, the need to conserve the time of DHS employees for the conduct of official business, and the need to avoid spending the time and money of the United States for private purposes. 6 C.F.R. § 5.48.

The question presented by the government's motion is whether the relevant *Touhy* regulations must be followed even when the United States is a party to the litigation. Not surprisingly, the government insists they must be followed, while McHenry County says they need not be (McHenry County's position is both summarized in the government's Memorandum filed in support of its motion and included in a letter from counsel for McHenry County to counsel for the United States dated August 27, 2025, which was attached as Exhibit 3 to the government's Memorandum). Dkt. 176-3, Exh 3. Both the government and McHenry County rely upon *Estate of Belbachir v. United States*, No. 08 C 50193, 2010 WL 3239444 (N.D. Ill., Aug. 13, 2010), though the parties disagree as to the import of that decision.

The Court agrees that the *Estate of Belbachir* opinion cited is a helpful starting point for its analysis. The context and history of that case after the decision itself are more important than the opinion itself, however. In the relevant part of the opinion cited by the government, the magistrate judge considered a motion pursuant to Fed. R. Civ. P. 37 seeking to compel the deposition of an employee of the DHS Office of Inspector General. *Id.* at *2. The case involved wrongful death allegations brought against the United States under the Federal Tort Claims Act, which had been consolidated for discovery purposes with a similar case brought against McHenry County officials (the death at issue had occurred at the McHenry County Jail while the decedent was in federal custody in relation to an immigration detainer). *Id.* at *1-2. The magistrate judge

construed the motion to compel as essentially a claim under the Administrative Procedures Act, and thus a "dispositive motion" under Fed. R. Civ. P. 72(b) that needed to be decided by the district court. *Id.* at *3. As such, the magistrate judge issued a report and recommendation to the district court judge regarding the merits of the motion to compel, determining that the decision of DHS to refuse the request for the deposition of the DHS employee was not arbitrary, capricious, or an abuse of discretion. *Id.* at *4. The magistrate judge thus made a report and recommendation to the district court to deny that portion of the motion to compel seeking to compel the DHS to produce the DHS agent for a deposition. *Id.*

The plaintiff objected to the magistrate judge's report and recommendation, taking the position that the United States, as a defendant in the FTCA case, was not exempt from the Federal Rules of Civil Procedure, and pointing out that the magistrate judge understood that position inasmuch as he ruled in favor of the plaintiff with respect to the remaining portions of the motion to compel, which sought the production of a video and documents from the United States. *See Estate of Belbachir v. United States of America*, Case No. 3:08-cv-50193 (N.D. Ill.), Dkt. 66. The district court judge subsequently ordered supplemental briefing by the parties, directing them to answer specific questions, including whether: 1) the request for the deposition of the DHS agent was a new request in the FTCA case against the United States or a renewed motion in the claim against McHenry County in the parallel case consolidated for discovery purposes; and 2) if it was a request in the FTCA case, whether it was to be treated as an administrative demand governed by the *Touhy* regulations and reviewed under the Administrative Procedures Act. *Id.* at Dkt. 80. In response to that order, the United States clarified that, given the plaintiff's stated position that she was seeking the deposition solely under the authority of the FTCA case, then the sole issue presented was whether the plaintiff was entitled to the deposition in the FTCA case (in other words, the case in which the United States was a party). *Id.* at Dkt. 85. The United States further informed the district court that the DHS had not invoked its *Touhy* regulations with respect to the request for deposition in the FTCA case and that, "[i]f the request is limited to the FTCA case, the APA does not apply." *Id.* The district court then entered an order referring the issue back to the magistrate judge to consider the motion to compel the DHS agent's deposition as a nondispositive discovery matter, rather than under the Administrative Procedures Act. *Id.* at Dkt. 87. (McHenry County attached this order to their August 27, 2025 correspondence to the United States, *see* Dkt. 176-3 in this case). Upon consideration of the motion to compel the DHS agent's deposition in that context, i.e., as a discovery matter under Rule 26(b), the court compelled the deposition of the agent (without considering any prior agency consideration of the *Touhy* factors or the need for that agency consideration). *See Estate of Belbachir v. United States of America*, Case No. 3:08-cv-50193 (N.D. Ill.), Dkt. 89.

All this to say that context matters. The Court does not read the DHS *Touhy* regulations to require their applicability even when the United States is a party to the litigation in which the discovery request has been made. Among the considerations required under the DHS's *Touhy* regulations are "[t]he need to avoid spending the time and money of the United States for private purposes" and "[t]he need to maintain impartiality between private litigants in cases where a substantial government interest is not implicated." 6 C.F.R. § 5.48(a)(5)-(6). Those considerations only make sense if it is understood that the *Touhy* regulations do not apply when the government is a party to litigation (meaning the time and money of the United States would not be spent for

private purposes and any concern over the need to maintain impartiality between private litigants is obviated because a substantial government interest is implicated when the government is a party). *See also United States ex rel. Fischer v. Community Health Network, Inc.*, No. 1:14-cv-01215-RLY-MKK, 2024 WL 3520357, *2, n.2 (S.D. Ind. Jul. 24, 2024) (False Claims Act case in which the United States took the position that because it was no longer a party to the case any discovery requests would need to be submitted as *Touhy* requests). The implication of the government's position in the *Fischer* case is that when it was still a party to that case, any discovery requests to the government did not need to be submitted as *Touhy* requests. *See also Alexander v. F.B.I.*, 186 F.R.D. 66, 70 (D.D.C. 1998) ("The Supreme Court's holding in *Touhy* is applicable only in cases where the United States is not a party to the original legal proceeding."). The government appears to have taken that same position in 2010 in the *Estate of Belbachir* case being relied upon by the government in support of its motion here, where the government very clearly informed the district court that DHS did not invoke its *Touhy* regulations (the same regulations at issue here) with respect to a deposition request in that FTCA case in which the United States was a party.

In short, the United States' Motion for Entry of Protective Order, seeking to prevent the depositions of the six ICE employees who have already provided declarations in this matter, from taking place until McHenry County complies with the DHS's *Touhy* regulations, is not well taken and is denied. The fact discovery deadline which was extended to 9/27/2025 to allow, at least in part, the depositions of those six ICE witnesses to proceed, remains, as does the telephonic status hearing set for 9/23/2025 at 10:45 AM for an update on the completion of fact discovery.

Date: September 12, 2025                    By: _____

                                                Michael F. Iasparro
                                                United States Magistrate Judge